645 P.2d 239

**STATE of Arizona, Appellee,**

v.

**Frank James VALENCIA, Appellant.**

No. 3989–3.

Supreme Court of Arizona, In Banc.

April 13, 1982.

Rehearing Denied May 25, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Thomas G. Martin, Tucson, for appellant.

CAMERON, Justice.

On 17 July 1980, defendant Frank James Valencia was resentenced to death pursuant to A.R.S. § 13–703. Defendant appeals this sentence. We have jurisdiction pursuant to A.R.S. § 13–4031.

We must answer two questions on appeal:

1. Must the matter be returned for retrial because the sentencing judge was not the same judge who tried the matter as required by A.R.S. § 13–703(B)?

2. Was the death sentence mandated in this case?

The facts necessary for a determination of these questions are as follows. On 13 April 1977, defendant was adjudged guilty of first degree murder for the death of Karen Louise Tweedy. After the requisite aggravation-mitigation hearing, he was sentenced to death. We affirmed the judgment of conviction but vacated the death sentence pursuant to *State v. Watson,* 120 Ariz. 441, 586 P.2d 1253 (1978), and remanded the case for resentencing. *State v. Valencia,* 121 Ariz. 191, 589 P.2d 434 (1979). The defendant again received the death penalty, and on his appeal he urged this court to overturn his sentence because of the trial judge's admission that he had spoken with the victim's brother concerning the family's wishes that the defendant receive the death penalty. We agreed with the defendant and held that because "the fundamental rights of the defendant to a fair hearing [had] been impinged," the sentence was set aside and remanded for resentencing before a different judge. *State v. Valencia,* 124 Ariz. 139, 141, 602 P.2d 807, 809 (1979).

Upon remand, as directed by this court, the aggravation-mitigation hearing was conducted before a judge other than the one who tried the defendant. The judge found as aggravating circumstances that the defendant had been convicted of offenses in the State of Arizona involving the use or threat of violence and for which the sentence of life imprisonment was imposable. See A.R.S. § 13–703(F)(1) & (2). The convictions arose from a single set of events where the defendant had kidnapped, robbed and raped a victim at gunpoint. Defendant was sentenced to 40 to 60 years for the rape, 20 to 30 years for the kidnapping, both counts to be served concurrently, and 10 to 15 years for the robbery, to run consecutively to the first two sentences. The facts surrounding this incident can be found in *State v. Valencia,* 118 Ariz. 136, 575 P.2d 335 (App.1977). The crimes were committed prior to the instant murder, and the convictions were obtained before the defendant was tried and sentenced in this case. The trial judge also found that the defendant's age (16 at the time of the murder) was the only mitigating factor, but not sufficiently substantial to overcome the two aggravating circumstances based upon the prior convictions.

## DIFFERENT SENTENCING JUDGE

The defendant urges that because the judge who resentenced him was not the same judge who presided at the trial, the resentencing was improper as violative of A.R.S. § 13–703, Arizona's death penalty statute. Under that statute, sentencing in a death penalty case must be done by the same judge who tried the case or accepted the plea of guilty. Subsection B of A.R.S. § 13–703 reads:

"B. When a defendant is found guilty of or pleads guilty to first degree murder as defined in § 13–1105, the judge who presided at the trial or before whom the guilty plea was entered shall conduct a separate sentencing hearing to determine the existence or nonexistence of the circumstances included in subsections F and G of this section, for the purpose of determining the sentence to be imposed. The hearing shall be conducted before the court alone."

Upon remand for sentencing the second time, *State v. Valencia,* 124 Ariz. 139, 602 P.2d 807 (1979), we ordered that the sentencing be before a different judge. Later we had occasion to consider subsection B of A.R.S. § 13–703, stating:

"'The statute is unambiguous in this requirement that the judge who heard the trial or accepted the plea preside at the aggravation-mitigation hearing and, by inference, impose the sentence." *State v. McDaniel,* 127 Ariz. 13, 16, 617 P.2d 1129, 1132 (1980).

Insofar as *State v. Valencia,* 124 Ariz. 139, 602 P.2d 807 (1979) holds that a different judge may sentence a defendant to death after another judge has tried the case, it was overruled by *State v. McDaniel,* supra.

Defendant contends that because the judge who tried the case is no longer able to

sentence him, there must be a new trial, citing *McDaniel*, supra. If the death penalty were still imposable, we would agree. The statute, A.R.S. § 13–703, is limited to first degree murders, the only crime for which the death penalty may be imposed, and the judge has discretion only to impose either life imprisonment with no possibility of parole for 25 years or death. A.R.S. § 13–1105(C). Since we have decided below that the death penalty may not be imposed in this case, there is no necessity for a new sentencing hearing by the trial court. The evidence supports a conviction for first degree murder, and we have affirmed that judgment. We have reduced the punishment from death to life imprisonment, and there is no discretion to be exercised by the trial judge. We need not return the matter for resentencing or retrial.

## IS THE DEATH PENALTY PROPER?

The defendant had been previously convicted of rape and armed robbery, offenses for which life sentences were then imposable and which involved the uses or threats of violence upon another person. The court correctly found the existence of two aggravating circumstances pursuant to A.R.S. § 13–703(F)(1) & (2).

The defendant's age at the time of the murder (16) was properly found to be a mitigating circumstance. Our statute provides:

"* * * the court * * * shall impose a sentence of death if the court finds one or more of the aggravating circumstances enumerated in subsection F of this section and that there are no mitigating circumstances sufficiently substantial to call for leniency." A.R.S. § 13–703(E).

By using the term "sufficiently substantial," we believe the legislature intended that the trial court might give unequal weight to the various aggravating and mitigating circumstances when indicated by the facts in each case. As the United States Supreme Court has noted:

"There is no perfect procedure for deciding in which cases governmental authori-

ty should be used to impose death. But a statute that prevents the sentencer in all capital cases from giving independent mitigating weight to aspects of the defendant's character and record and to circumstances of the offense proffered in mitigation creates the risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty. When the choice is between life and death, that risk is unacceptable and incompatible with the commands of the *Eighth and Fourteenth Amendments*." *Lockett v. Ohio*, 438 U.S. 586, 605, 98 S.Ct. 2954, 2965, 57 L.Ed.2d 973, 990 (1978).

We do not believe the legislature intended the court to play a numbers game and automatically apply the death penalty when the number of aggravating circumstances found exceeded the number of mitigating circumstances found, any more than it intended to require life imprisonment when the number of mitigating circumstances found exceeded the number of aggravating circumstances found. Indeed, such an interpretation would render the statute constitutionally infirm. *Lockett v. Ohio*, supra. The United States Supreme Court has also noted that the age of a minor is "a relevant mitigating factor of great weight." *Eddings v. Oklahoma*, —— U.S. ——, ——, 102 S.Ct. 869, 877, 71 L.Ed.2d 1, 12 (1982). And while we do not hold that age alone will always act to require life imprisonment in every case of first degree murder, it is a substantial and relevant factor which must be given great weight.

The legislature did not intend that the death penalty be imposed in every case of first degree murder, nor would such a holding be constitutional in light of decisions of the United States Supreme Court. *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980); *State v. Watson*, 129 Ariz. 60, 628 P.2d 943 (1981). Where there is a doubt whether the death sentence should be imposed, we will resolve that doubt in favor of a life sentence. In the

instant case, the age of the defendant, 16 at the time of both crimes, is "sufficiently substantial" to call for life imprisonment instead of death. We believe, however, considering the severity of the prior rape, justice will be served if the sentence is served consecutively to the sentence of 40 to 60 years he received for the prior conviction for rape.

The sentence of death is set aside, and defendant is sentenced to life imprisonment without possibility of parole for 25 years, to be served consecutively to and after the defendant has completed serving his sentence of 40 to 60 years for rape.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.