697 P.2d 323

**STATE of Arizona, Appellee,**

v.

**Paul William JORDAN, Appellant.**

No. 3156–4.

Supreme Court of Arizona, En Banc.

March 19, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael Sullivan, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This is the fourth time appellant has presented his case to this court. In 1976, we affirmed appellant's conviction for first degree murder, A.R.S. § 13–1105, and the sentence of death, A.R.S. § 13–703. *State v. Jordan,* 114 Ariz. 452, 561 P.2d 1224 (1976), *vacated in part,* 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157 (1978) (*Jordan I*). In 1980, after resentencing, we affirmed appellant's death sentence. *State v. Jordan,* 126 Ariz. 283, 614 P.2d 825, *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980) (*Jordan II*). In 1983, appellant petitioned for post-conviction relief. *See* 17 A.R.S. Rules of Crim.Proc., Rule 32. The case was assigned to Judge Howard Thompson. The court denied relief. On appeal, we remanded the case for an evidentiary hearing to determine if the original trial judge (Judge Harold Martin) became impermissibly involved in the plea negotiations. *See State v. Jordan,* 137 Ariz. 504, 672 P.2d 169 (1983) (*Jordan III*). Because we found impermissible judicial involvement in the plea negotiations, we ordered that appellant be resentenced. Appellant was sentenced by Judge Thompson to life imprisonment without possibility of parole for 25 years. Appellant moved for a

new trial. The trial court, however, denied that motion. Appellant now appeals from the denial of his new trial motion (*Jordan IV*). We have jurisdiction. Ariz.Const. art. 6, § 5(3); A.R.S. §§ 13–4031, 13–4035. We affirm.

We address one issue:

Is it contrary to (former) A.R.S. § 13–454(B) to resentence appellant before another judge if the original trial judge is disqualified?

## FACTS

In January 1975, appellant was convicted of first degree murder after a jury trial. In March 1975, appellant was sentenced to death. Pursuant to (former) A.R.S. § 13–454(A), which was in effect at the time of appellant's conviction and original sentencing, the trial judge (Judge Martin) sentenced appellant. A.R.S. § 13–454(A) provided that:

When a defendant is found guilty of or pleads guilty to first degree murder, the judge who presided at the trial or before whom the guilty plea was entered shall conduct a separate sentencing hearing to determine the existence or nonexistence of the circumstances set forth in subsection E and F, for the purpose of determining the sentence to be imposed. The hearing shall be conducted before the court alone.

For cases arising on or after October 1, 1978, the death penalty statute was revised without material change and renumbered as A.R.S. § 13–703(B) [hereinafter "pre-amendment A.R.S. § 13–703(B)"]. In December 1978, appellant was resentenced in accordance with *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978). Appellant was again sentenced to death by Judge Martin. In 1982, the Arizona Legislature amended A.R.S. § 13–703(B) [hereinafter "post-amendment A.R.S. § 13–703(B)"] to allow a successor judge to conduct sentencing proceedings in the event of the death, resignation, incapacity, or disqualification of the trial judge.

In *State v. McDaniel*, 127 Ariz. 13, 16, 617 P.2d 1129, 1132 (1980), we held that a successor judge did not have the authority under pre-amendment A.R.S. § 13–703(B) to resentence a criminal defendant to death after the trial judge was disqualified for cause from conducting a sentencing hearing. The defendant in *McDaniel* was accordingly retried. *See also State v. Leslie*, 136 Ariz. 463, 464, 666 P.2d 1072, 1073 (1983) (no abuse of discretion for trial judge to grant new trial pursuant to pre-amendment A.R.S. § 13–703(B) after original trial judge was disqualified). Citing *McDaniel* as authority, appellant contends that he is entitled to a new trial because the original trial judge was disqualified. Appellant also asserts that post-amendment A.R.S. § 13–703(B) does not apply to his case because it was not in effect at the time of his crime, his conviction, or his original sentencing. Appellant charges that it would be contrary to the intent of the legislature and the constitutional prohibition against *ex post facto* laws to apply this sentencing statute retroactively. The state, contends that the statute in effect at the time of appellant's new trial motion, post-amendment A.R.S. § 13–703(B), should control.

■ We need not decide which sentencing statute applies to the instant facts. Assuming without deciding that post-amendment A.R.S. § 13–703(B) does not control, appellant is still not entitled to a new trial. In *State v. Valencia*, 132 Ariz. 248, 645 P.2d 239 (1982), we said:

Defendant contends that because the judge who tried the case is no longer able to sentence him, there must be a new trial, citing *McDaniel*, supra. If the death penalty were still imposable, we would agree. The statute, A.R.S. § 13–703, is limited to first degree murders, the only crime for which the death penalty may be imposed, and the judge has discretion only to impose either life imprisonment with no possibility of parole for 25 years or death. A.R.S. § 13–1105(C). Since we have decided below that the death penalty may not be im-

posed in this case, there is no necessity for a new sentencing hearing by the trial court. The evidence supports a conviction for first degree murder, and we have affirmed that judgment. We have reduced the punishment from death to life imprisonment, and there is no discretion to be exercised by the trial judge. We need not return the matter for resentencing or retrial.

132 Ariz. at 249–50, 645 P.2d at 240–41. The present case is controlled by the *Valencia* rationale. The conviction for first degree murder was supported by the evidence and has been affirmed on appeal. Appellant was sentenced to life without possibility of parole for 25 years, the lowest penalty prescribed by law for this offense. We find no reasonable possibility that appellant has suffered prejudice on these facts. Absent an abuse of discretion, this court will not disturb the denial of a new trial motion. *See State v. Hankins & Satterfield*, 141 Ariz. 217, 222, 686 P.2d 740, 745 (1984). There was no abuse of discretion.

The denial of appellant's new trial motion is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.