773 P.2d 983

**STATE of Arizona, Appellee,**

v.

**James Granvil WALLACE, Appellant.**

No. 6584.

Supreme Court of Arizona,
En Banc.

April 11, 1989.
As Amended June 15, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Crane McClennen, Assistant Attys. Gen., Phoenix, for appellee.

Curtis & Cunningham by George Haskel Curtis, Tucson, for appellant.

FERNANDEZ, Judge.

The essential facts of this case appear in *State v. Wallace*, 151 Ariz. 362, 728 P.2d 232 (1986), cert. denied, 483 U.S. 1011, 107 S.Ct. 3243, 97 L.Ed.2d 748 (1987). On February 1, 1984, appellant murdered his girl friend Susan Insalaco, with whom he had lived for two and one-half years. Earlier that day, while he waited for Susan to

return from work, appellant killed her two children, Anna, age 16, and Gabe, age 12. Appellant killed Anna by repeatedly hitting her with a baseball bat. When the bat broke, appellant forced a portion of the bat through her throat. Gabe died in an equally brutal manner when he was struck with a pipe wrench. When Susan came home, she too was killed with a pipe wrench.

Appellant then took money from Susan's wallet, took her truck, drove to a liquor store and then to a roadside area to drink. Later, he went to a friend's house where he played chess and spent the night. The next morning he told his friend what had happened and called the police. After he was advised of his rights, appellant gave a detailed confession, constantly expressing remorse and repeatedly requesting execution.

He was indicted on three counts of murder and two counts of armed robbery. After a preliminary examination pursuant to Rule 11, Ariz.R.Crim.P., 17 A.R.S., the court determined that appellant was competent to stand trial. Against the advice of his attorney, appellant entered a plea of guilty to all counts. The court sentenced him to death on each of the three murder counts and to two concurrent terms of 21 years on the armed robbery counts.

In appellant's first appeal, we held that the trial court erred in finding a factual basis for the two robbery convictions. 151 Ariz. at 366, 728 P.2d at 236. We also found that the element of cruelty as an aggravating factor was not established beyond a reasonable doubt because the state offered no evidence to establish pain or suffering by the victims and because the evidence was inconclusive as to whether any of the victims remained conscious after the initial blow. In addition, we found that the evidence fully supported the aggravating factor that the murders were committed in a heinous and depraved manner.

With regard to Susan's death, the trial court also found as an aggravating factor that appellant committed the murder for pecuniary gain. This finding fell when this court found no factual basis for the robbery charges. We affirmed the death sentences for the murders of the two children. Because we set aside one of the aggravating factors the trial court found with regard to Susan, we remanded that murder charge for resentencing with a reweighing of the remaining aggravating and mitigating factors.

On remand, the trial court dismissed the robbery counts and held a new aggravation/mitigation hearing on the murder of Susan Insalaco. In June 1987, before he was resentenced, appellant filed a petition for post-conviction relief pursuant to Rule 32, Ariz.R.Crim.P., 17 A.R.S., in which he argued that 1) Dr. David Gurland's recent opinion on appellant's mental state at the time of the crimes constituted newly-discovered evidence, 2) the finding of this court that the aggravating factor of "especially cruel" had not been established also required the trial court to set aside the death sentences for the murders of the children, and 3) appellant had received ineffective assistance of appellate counsel. The parties agreed that the court could weigh the evidence presented at the aggravation/mitigation hearing to determine whether to hold an evidentiary hearing on the issues raised in the Rule 32 petition.

At the conclusion of the hearing, the trial court weighed the one mitigating circumstance, appellant's remorse, against the one remaining aggravating circumstance, that appellant committed the murder in a heinous and depraved manner, and concluded that the mitigating circumstance was not sufficiently substantial to call for leniency. The court then resentenced appellant to death for the murder of Susan Insalaco. In ruling on the post-conviction relief petition, the court found that there had been no ineffective assistance of counsel and noted that this court's prior opinion upheld the death sentences with regard to the children. The court also found no additional mitigating circumstances and denied relief.

We have jurisdiction pursuant to A.R.S. § 13–4031. At oral argument, the parties agreed to consolidate the appeal of the resentencing with the review of the denial of the Rule 32 petition.

Appellant contends the trial court erred in failing to find the mitigating factor that he was mentally impaired at the time of Susan's murder and in failing to find the mitigating factor that he had a difficult family background.

We have reviewed the court's finding that there was no ineffective assistance of counsel. We find nothing to support appellant's contention in that regard and affirm the finding.

■ We also agree with the trial court that our previous opinion, affirming the death sentences for the murders of the children despite our conclusion that cruelty was not an aggravating factor, requires us to reject appellant's contention that the death penalties for the children's murders must be set aside because the finding of cruelty was set aside. In that opinion, we stated as follows:

> The first aggravating circumstance found by the trial court was that the murders were committed in an especially heinous, cruel or depraved manner. A.R.S. § 13–703(F)(6). As the statutory expression is in the disjunctive, it is not necessary that all three elements be present. *A finding of any one of these factors is sufficient* to constitute the aggravating circumstance.

151 Ariz. at 366–67, 728 P.2d at 236–37 (emphasis added). A defendant cannot utilize post-conviction relief proceedings in order to attack matters finally adjudicated on their merits on direct appeal. *State v. Tison* (Raymond), 142 Ariz. 454, 690 P.2d 755 (1984), vacated on other grounds, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987). We find the court properly denied relief on this claim.

### MITIGATING FACTOR OF MENTAL IMPAIRMENT

■ Appellant presented evidence from Dr. Gurland, arguing that his mental condition constituted a newly-discovered mitigating circumstance under A.R.S. § 13–703(G)(1), which reads as follows:

> The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements

of law was significantly impaired, but not so impaired as to constitute a defense to prosecution.

Dr. Gurland testified that appellant was in a dissociative state at the time of the murders. The state in turn presented the testimony of Drs. Hinton and Morenz whose opinions were that appellant's mental condition was not significantly impaired and that he showed no signs of having been in a dissociative state at the time. Dr. Gurland also testified that appellant had had a difficult childhood because his mother had died at age 35. Appellant interrupted the doctor's testimony with an outburst, vehemently denied the statement and indicated that Dr. Gurland must be talking about someone else.

The court concluded that appellant's evidence failed to sufficiently support the existence of impaired capacity as a mitigating factor. Our review of the record fully supports the court's finding. The court was not compelled to accept Dr. Gurland's opinion. See *State v. Greenawalt*, 128 Ariz. 150, 624 P.2d 828, cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981). Appellant relies on *State v. Rossi*, 154 Ariz. 245, 741 P.2d 1223 (1987), which is unlike this case. Here, other psychiatric testimony contradicted Dr. Gurland's opinion, and appellant himself contradicted Dr. Gurland's factual testimony.

We agree with the trial court's finding that the testimony would not change any of the three sentences and that it failed to establish the statutory mitigating circumstance of significant impairment. The court did not err in denying the Rule 32 petition.

### MITIGATING FACTOR OF DIFFICULT FAMILY BACKGROUND

Appellant contends that the court erred in failing to find that appellant's difficult family background was a mitigating factor even though he requested no such finding. Appellant notes that the evidence indicated his father was an alcoholic and his mother suffered from a severe mental illness that required hospitalization. He also contends

he was reared in a violent environment, particularly with regard to the relationship between his parents.

The state contends that we should not consider this issue for the first time on appeal because appellant did not present it to the trial court. *State v. Acree*, 121 Ariz. 94, 588 P.2d 836 (1978). This court has already imposed upon the state the requirement that it inform the trial court and the defendant in writing of those aggravating circumstances that it intends to prove and the evidence it will use to prove them. *State v. Ortiz*, 131 Ariz. 195, 639 P.2d 1020 (1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2259, 72 L.Ed.2d 863 (1982). In addition, we have indicated that the better practice for the trial court is that it place on the record a list of all factors offered by a defendant in mitigation in ruling whether to accept or reject them. *State v. Leslie*, 147 Ariz. 38, 708 P.2d 719 (1985). In fairness to all parties, we note that the better practice would be for a defendant to disclose all proposed mitigating circumstances to the trial court so the court can consider and weigh each one.

■ A difficult family background, in and of itself, is not a mitigating circumstance. If it were, nearly every defendant could point to some circumstance in his or her background that would call for mitigation. A difficult family background is a relevant mitigating circumstance if a defendant can show that something in that background had an effect or impact on his behavior that was beyond the defendant's control. We have previously observed that although such evidence may be especially relevant in the case of a minor, "we ascribe to adult offenders such as defendant a greater degree of personal responsibility for their actions than to minors involved in crime." *State v. Gretzler*, 135 Ariz. 42, 58, 659 P.2d 1, 17, cert. denied, 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). Accord *State v. Clabourne*, 142 Ariz. 335, 690 P.2d 54 (1984). Appellant was 33 years old at the time he committed the murders, and his entire family background was before the court in the pre-sentence report. Appellant, however, made no claim that his

family background had anything to do with the murders he committed. Thus, we find no error.

## PROPRIETY OF DEATH SENTENCE

Appellant questions whether the trial court correctly found that the mitigating circumstance of his remorse was not sufficiently substantial to outweigh the aggravating circumstance of the especially heinous and depraved nature of the killing.

■ After independently reviewing the record, we agree with the trial court that the evidence supports a finding that Susan's murder was commited in a heinous and depraved manner. Unlike cruelty, which focuses on the victim's pain and suffering, heinousness and depravity involve the killer's mental state and attitude at the time of the offense. *State v. Gretzler*, supra. In *Gretzler*, this court set forth the following list of specific factors that can lead to a finding that a defendant committed a crime in a heinous or depraved manner: 1) the apparent relishing of the murder by the killer, 2) the infliction of gratuitous violence on the victim, 3) the needless mutilation of the victim, 4) the senselessness of the crime, and 5) the helplessness of the victim. See also *State v. Smith*, 146 Ariz. 491, 707 P.2d 289 (1985).

■ In reviewing the record, we find several of those factors present in this case. Appellant murdered Susan by striking her on the head with a pipe wrench. He continued to hit her after she had fallen to the floor. The evidence showed that he first hit her in the kitchen and then dragged her into the family room where he continued to hit her. The force he used was enough to fracture her skull in several places and to secondarily fracture her nose and jaw. Thus, the evidence indicates that appellant inflicted "gratuitous violence" in killing Susan. If he had merely wanted to kill her, he had less violent alternatives available to him. See *State v. Tison*, (Ricky), 129 Ariz. 526, 633 P.2d 335 (1981), cert. denied, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). Appellant admitted he had a loaded gun with him that afternoon.

He deliberately chose not to use it, however, because he was concerned that the noise would alert the neighbors. In our opinion, appellant's conduct reflects a "total disregard for human life." *State v. Correll*, 148 Ariz. 468, 481, 715 P.2d 721, 734 (1986).

Furthermore, we find that the senselessness of the crime evidences a heinous and depraved state of mind. Although all murders may be considered senseless, this one is particularly disturbing. After lying in wait for several hours, appellant brutally murdered two children and their unsuspecting mother. He committed the acts despite the fact that he claimed he loved his victims more than he had loved anyone else and despite the fact that he had lived with them as a family for more than two years. Although there is some evidence that he and Susan had argued shortly before the murders, appellant has never been able to indicate any reason or justification for the murders. Having independently reviewed the record, we conclude that appellant committed Susan's murder in an especially heinous and depraved manner. Additionally, we agree with the trial court that the mitigating circumstance of remorse is not sufficiently substantial to call for leniency.

## PROPORTIONALITY REVIEW

As part of our independent review, this court conducts a proportionality review to determine "whether the sentences of death are excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant." *State v. Richmond*, 114 Ariz. 186, 196, 560 P.2d 41, 51 (1976), cert denied, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977); see also *State v. Poland (Patrick)*, 144 Ariz. 388, 698 P.2d 183 (1985), aff'd, 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986).

Accordingly, we have considered those cases in which one aggravating circumstance was found and there were no mitigating circumstances sufficiently substan-

tial to call for leniency. E.g., *State v. Clabourne*, supra; *State v. Ceja*, 126 Ariz. 35, 612 P.2d 491 (1980); *State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978). We have also considered those cases in which a death sentence was reduced to life imprisonment. E.g., *State v. Johnson*, 147 Ariz. 395, 710 P.2d 1050 (1985) (death sentence improper because aggravating factors erroneously found); *State v. Valencia*, 132 Ariz. 248, 645 P.2d 239 (1982) (defendant's youth was substantial mitigating factor); *State v. Brookover*, 124 Ariz. 38, 601 P.2d 1322 (1979) (substantial mental impairment because of brain lesion).

Based on our review of these decisions, we believe imposition of the death penalty in this case is proportional to the sentences imposed in similar cases. The senseless and gruesome murder of Susan justifies the death penalty imposed by the trial court.

The sentence of death is affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

Justice WILLIAM A. HOLOHAN did not participate in this decision, pursuant to Ariz.Const. art. 6, § 3, Judge LLOYD FERNANDEZ, Court of Appeals, Division Two was designated to sit in his stead.

Justice ROBERT J. CORCORAN did not participate in the determination of this matter.