SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA ex rel. ANDREW P. THOMAS, Maricopa County Attorney, | ) Arizona Supreme Court<br>) No. CV-05-0155-PR<br>) |
| Petitioner, | ) Court of Appeals<br>) Division One<br>) No. 1 CA-SA 05-0086 |
| v. | )<br>) Maricopa County |
| THE HONORABLE WARREN J. GRANVILLE, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Maricopa, | ) Superior Court<br>) No. CR2002-006861(A)<br>)<br>) |
| Respondent Judge, | ) **O P I N I O N**<br>) |
| WILLIAM CHRISTOPHER BALDWIN, | )<br>) |
| Real Party in Interest. | )<br>) |

Special Action from the Superior Court in Maricopa County
The Honorable Warren J. Granville, Judge

**RELIEF GRANTED IN PART AND DENIED IN PART; CASE REMANDED**
_____

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                    Phoenix
        By   Paul J. McMurdie, Deputy County Attorney
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER               Phoenix
        By   Gary J. Bevilacqua, Deputy Public Defender
             Joseph A. Stazzone, Deputy Public Defender
Attorneys for William Christopher Baldwin
_____

**B E R C H**, Vice Chief Justice

¶1      This  case  concerns  the  propriety  of  two  jury

instructions relating to sentencing in a capital case. The prosecutor requested that the jury be instructed at the close of the penalty phase of the trial that the defendant bears the affirmative burden to prove that mitigation is "sufficiently substantial to call for leniency." The second instruction advised the jurors to sentence the defendant to life in prison if they had "a doubt" whether a death sentence was appropriate. For the reasons set forth below, we hold that neither instruction is proper.

## I. FACTS AND PROCEDURAL BACKGROUND

¶2 A jury convicted Defendant William Baldwin of first degree murder in September 2004. During the aggravation phase of the capital trial, the jury found that Baldwin had knowingly created a grave risk of death to another during the commission of the murder, Ariz. Rev. Stat. ("A.R.S.") § 13-703(F)(3) (Supp. 2004), rendering him eligible for a sentence of death.

¶3 Before the presentation of mitigation evidence, the State asked the court to give the following instruction, among others, to guide the jurors in determining the appropriate sentence:

> The burden of proving the existence of mitigation
> sufficiently substantial to call for leniency is on
> the defendant. The defendant must prove the existence
> of mitigation by a preponderance of the evidence.

Baldwin objected to the first sentence of the proposed instruction. The trial court did not give the requested instruction, but instead gave an instruction based on the language of A.R.S. § 13-703(C):[1]

> The burden of proving the existence of mitigation is on the defendant. The defendant must prove the existence of mitigation by a preponderance of the evidence.

¶4 Although the court did not use the requested phrase "sufficiently substantial to call for leniency" at that point in the instructions, the phrase appeared eight times in the sentencing-phase jury instructions. The court first mentioned the standard by instructing the jury as follows:

> In deciding whether the defendant should be sentenced to death or life in prison, you must weigh the mitigating circumstances that have been proven to you against the aggravating factor that you have already found, and determine whether there is mitigation that is sufficiently substantial to call for life in prison.

The phrase was mentioned seven other times, all in related instructions attempting to convey to the jury its duty in

---

[1]   On the burden of proof issue, § 13-703(C) reads as follows:

> The burden of establishing the existence of the mitigating circumstances included in subsection G of this section is on the defendant. The defendant must prove the existence of the mitigating circumstances by a preponderance of the evidence.

deciding what penalty to impose.[2]

¶5    The court also instructed the jurors that "[i]f, after carefully considering the evidence, you have a doubt whether the death penalty should be imposed, you should resolve that doubt in favor of a life sentence."

¶6    The jury could not unanimously agree on the imposition of the death penalty, allowing a second jury to be impanelled. *See* A.R.S. § 13-703.01(K) (Supp. 2004).  Before commencement of the second penalty phase proceeding, the State moved to preclude the anticipated use of the "a doubt" instruction and again urged the court to instruct the jury that the defendant bears the burden of proving that mitigation is sufficiently substantial to call for leniency.  When the trial court refused to rule on the motion, the State filed a special action in the court of appeals, which declined jurisdiction.

¶7    We granted review to decide whether the court's denial of the State's requested burden of proof instruction was error and whether giving the instruction to resolve doubt in favor of life was proper.  We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, and A.R.S. § 12-120.24 (2003).

---

[2]  The jury instructions addressing the "sufficiently substantial to call for leniency" standard are set forth in an appendix to this opinion.

- 4 -

¶8      We are asked to determine whether two instructions given to a jury following the penalty phase of a capital case correctly state the law, a question we review de novo. *State v. Glassel*, 211 Ariz. 33, 53, ¶ 74, 116 P.3d 1193, 1213 (2005). We review for abuse of discretion whether the trial court erred in giving or refusing to give requested jury instructions. *State v. Anderson*, 210 Ariz. 327, 343, ¶ 60, 111 P.3d 369, 385 (2005). In our review, we read the jury instructions as a whole to ensure that the jury receives the information it needs to arrive at a legally correct decision. *Kauffman v. Schroeder*, 116 Ariz. 104, 106, 568 P.2d 411, 413 (1977).

### A.    The Burden of Persuasion Instruction

¶9      The death penalty sentencing statutes provide, and the trial judge instructed the jury, that the defendant bears the burden of proving, by a preponderance of the evidence, the existence of mitigating circumstances. *See* A.R.S. § 13-703(C). Neither Baldwin nor the State questions that instruction. The State requests, however, that we now approve an instruction specifying that the defendant also bears the burden of proving, by a preponderance of the evidence, that the mitigation is sufficiently substantial to call for leniency.

¶10     To justify imposing this burden, the State relies on

- 5 -

A.R.S. § 13-703(E), which provides that,

> [i]n determining whether to impose a sentence of death or life imprisonment, the trier of fact shall take into account the aggravating and mitigating circumstances that have been proven. The trier of fact *shall impose a sentence of death* if the trier of fact finds one or more of the aggravating circumstances enumerated in subsection F of this section and then determines that there are no mitigating circumstances sufficiently substantial to call for leniency.

(Emphasis added.)

¶11     From this statutory language, the State reasons that the defendant must bear the burden of proving that the mitigation is sufficiently substantial to call for leniency; otherwise, the trier of fact "shall" impose a sentence of death. *See id.* Moreover, the State observes that this court has rejected the notion that the prosecution bears the burden of proving that the death penalty is the appropriate sentence. *State v. Gulbrandson*, 184 Ariz. 46, 72, 906 P.2d 579, 605 (1995). The State thus infers that if the burden is not on the State, it must lie with the defendant.

¶12     The State concedes that A.R.S. § 13-703(E) has been interpreted as not creating a "presumption of death" and acknowledges that a jury may return a verdict of life in prison even if the defendant decides to present no mitigation evidence at all. *See*, *e.g.*, *Glassel*, 211 Ariz. at 52, ¶ 72, 116 P.3d at 1212 (rejecting presumption of death argument); *State v. Van*

*Adams*, 194 Ariz. 408, 422, ¶ 55, 984 P.2d 16, 30 (1999) (to same effect).[3]  In the absence of such a presumption, there can be no burden on the defendant to rebut a presumed sentence.  Thus the language of A.R.S. § 13-703(E) does not impose an affirmative duty on the defendant to prove that mitigation is sufficiently substantial to call for leniency.

¶13      Nor does the statutory scheme as a whole impose a burden on the defendant to prove that mitigation evidence is sufficiently substantial to call for leniency.  Section 13-703(B) requires the State to prove beyond a reasonable doubt not only every element of the crime, but also any aggravating circumstances.  *Id.; see also State v. Jordan*, 126 Ariz. 283, 286, 614 P.2d 825, 828 (1980).  If the jury finds any aggravating factors to exist, the burden then moves to the defendant, if he wishes, to establish any mitigating circumstances.  A.R.S. § 13-703(C).  The statute further instructs that "the jurors do not have to agree unanimously that

---

[3]      Even if a juror believes that the aggravating and mitigating factors are equally balanced, A.R.S. § 13-703(E) does not require the juror to impose the death penalty.  Rather, each juror may vote for a sentence of death – or against it – as each sees fit in light of the aggravating factors found by the jury and the mitigating evidence found by each juror.  The finding of an aggravating factor simply renders the defendant eligible for the death penalty; it does not require that he receive it.  *See Walton v. Arizona*, 497 U.S. 639, 651-52 (1990), *overruled in part on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

a mitigating circumstance has been proven to exist.  Each juror may consider any mitigating circumstance found by that juror in determining the appropriate penalty."  *Id.*

¶14    Although § 13-703(C) requires the defendant to prove mitigating circumstances by a preponderance of the evidence, the statutory scheme does not place any burden of proof on the defendant in connection with establishing that the mitigation evidence is sufficiently substantial to call for leniency. Indeed, the "sufficiently substantial" language does not appear until two subsections later.  *See* A.R.S. § 13-703(E).   Thus nothing in § 13-703 dictates that the defendant must bear the burden of proving that mitigation is sufficiently substantial to call for leniency.   While the statutory scheme describes the parties' burdens of proof as to the existence of aggravating and mitigating circumstances, it is silent as to the burden of persuasion.

¶15    The State also bases its argument that the defendant bears the burden of proving that mitigation is sufficiently substantial to call for leniency on this court's opinion in *State v. Watson*, 120 Ariz. 441, 447, 586 P.2d 1253, 1259 (1978), and the United States Supreme Court's opinion in *Walton v. Arizona*, 497 U.S. 639, 649 (1990), *overruled in part on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).  In *Walton* and

*Watson*, the Supreme Court and this court recognized that the Eighth and Fourteenth Amendments are not offended by requiring a guilty defendant to establish "by a preponderance of the evidence, the existence of mitigating circumstances sufficiently substantial to call for leniency." *Walton*, 497 U.S. at 649. Despite this language, *Walton* and *Watson* did not address whether the defendant in a capital case bears the burden of persuading the jurors that mitigation is sufficiently substantial to warrant leniency. Instead they addressed the constitutionality of imposing on a convicted defendant the burden of proving the existence of mitigating facts. The precise question before us apparently has not been addressed by our courts.

¶16        The State nonetheless contends that by informing the jurors only that the defendant bears the burden of proving the existence of mitigating circumstances by a preponderance of the evidence, the trial judge instructs the jury on only "half of Defendant's burden." The State claims that such an instruction fails to explain to the jury who bears the burden of persuading the jury that the defendant should receive a life sentence rather than a sentence of death or, in statutory terms, whether the mitigating circumstances are sufficiently substantial to call for leniency.

¶17        As set forth above, however, neither party bears the

burden on this issue. We therefore disagree that the instructions were incomplete or inadequate to properly advise the jury of its role in the sentencing process. The plan is carefully laid out in the statutes: Once a defendant is "death eligible" – that is, once a jury has found beyond a reasonable doubt that the defendant is guilty of a capital offense and that at least one statutory aggravating factor exists – the jurors must assess whether to impose the death penalty based upon each juror's individual, qualitative evaluation of the facts of the case, the severity of the aggravating factors, and the quality of any mitigating evidence. A.R.S. §§ 13-703, -703.01. This assessment is not mathematical, but instead must be made in light of the facts of each case. *State v. Gretzler*, 135 Ariz. 42, 54, 659 P.2d 1, 13 (1983).

¶18 The phrase "sufficiently substantial to call for leniency" is the standard that guides and channels the jurors' discretion as they evaluate and consider the mitigating circumstances, whether proved by the defendant or present in the record, in determining whether death is the appropriate sentence for that particular defendant in light of the facts of that particular case. *See* A.R.S. §§ 13-703(E), -703.01(G) & (H). It means that the mitigation must be of such quality or value that it is adequate, in the opinion of an individual juror, to

persuade that juror to vote for a sentence of life in prison.  A mitigating factor that motivates one juror to vote for a sentence of life in prison may be evaluated by another juror as not having been proved or, if proved, as not significant to the assessment of the appropriate penalty.  Each juror must determine whether, in that juror's individual assessment, the mitigation is of such quality or value that it warrants leniency in a particular case.

¶19    The jurors in this case were instructed accordingly by the trial judge:  "Each of you, individually, must decide whether the mitigation that each of you, individually, believes has been proven, is sufficiently substantial to call for a life sentence."  The State has not argued that the jurors did not understand their task.

¶20    Our cases have on occasion discussed the evaluation and assessment of mitigating circumstances as a "weighing" process, *see*, *e.g.*, *State v. Hinchey*, 181 Ariz. 307, 313-14, 890 P.2d 602, 608-09 (1995); *Gretzler*, 135 Ariz. at 54, 659 P.2d at 13, which has led to the implication that mitigating circumstances must "outweigh" aggravating factors for life to be the appropriate sentence.  These cases and A.R.S. §§ 13-703 and -703.01 do not, however, indicate that the decision on the appropriate sentence is itself a factual determination.

- 11 -

¶21      We therefore now clarify that the determination whether mitigation is sufficiently substantial to warrant leniency is not a fact question to be decided based on the weight of the evidence, but rather is a sentencing decision to be made by each juror based upon the juror's assessment of the quality and significance of the mitigating evidence that the juror has found to exist.  We conclude that the use of "outweighing" language in jury instructions explaining the evaluation of mitigating circumstances, while technically correct, might confuse or mislead jurors.  We thus discourage the use of instructions that inform jurors that they must find that mitigating circumstances outweigh aggravating factors before they can impose a sentence other than death.  Instead, jury instructions should focus on the statutory requirement that a juror may not vote to impose the death penalty unless he or she finds, in the juror's individual opinion, that "there are no mitigating circumstances sufficiently substantial to call for leniency."  A.R.S. § 13-703(E).  In other words, each juror must determine whether, in that juror's individual assessment, the mitigation is of such quality or value that it warrants leniency.

**B.    The "A Doubt" Instruction**

¶22      Defendant had urged below the propriety of an

instruction that the jury should return a verdict of life if the jurors had "a doubt" whether death was the appropriate sentence. This instruction in effect tells the jury that the State must prove beyond any doubt, reasonable or not, that death is the appropriate sentence in a given case.

¶23    The instruction stemmed from language this court used when fulfilling its duty to independently review death sentences. *See*, *e.g.*, *State v. Carlson*, 202 Ariz. 570, 588, ¶ 70, 480 P.3d 1180, 1198 (2002); *State v. Trostle*, 191 Ariz. 4, 23, 951 P.2d 869, 888 (1997); *State v. Valencia*, 132 Ariz. 248, 250, 645 P.2d 239, 241 (1982). Defendant now concedes that this language was never intended as an instruction for jurors. The concession is well taken, for in *Glassel*, 211 Ariz. at 52, ¶¶ 69-70, 116 P.3d at 1212, we rejected the argument that the Constitution requires the State to prove beyond a reasonable doubt that leniency was not justified. If the State need not establish beyond a reasonable doubt that death is the appropriate sentence, it then certainly need not prove that point beyond any doubt whatsoever. To put this matter to rest, we hold that such an instruction is improper.

### III.  CONCLUSION

¶24    We hold that the trial court correctly concluded that the defendant in a capital case does not bear the burden to

- 13 -

prove by a preponderance of the evidence that the mitigating circumstances are sufficiently substantial to call for leniency. The court therefore did not err or abuse its discretion in refusing to give the requested burden of persuasion instruction. It did, however, err in instructing the jurors that if they entertained "a doubt" whether death is the appropriate sentence they must impose a sentence of life in prison. We therefore grant relief in part and deny it in part and remand this case to the trial court for proceedings consistent with this opinion.

_____
Rebecca White Berch, Vice Chief Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Michael D. Ryan, Justice

_____
Andrew D. Hurwitz, Justice

_____
W. Scott Bales, Justice

**APPENDIX**

Jury Instructions addressing the "sufficiently substantial to call for leniency" standard:

In deciding whether the defendant should be sentenced to death or life in prison, you must weigh the mitigating circumstances that have been proven to you against the aggravating factor that you have already found, and determine whether there is mitigation that is sufficiently substantial to call for life in prison.

. . . .

Each of you, individually, must decide whether the mitigation that each of you, individually, believes has been proven, is sufficiently substantial to call for a life sentence.

You may not consider any information presented during this phase of the trial as a new aggravating factor. You must make your decision about whether the mitigation is sufficiently substantial to call for a life sentence based solely upon your weighing of any mitigation that you deem proven to be more true than not, and the aggravating factor you found during the Aggravation Phase.

. . . .

If you unanimously find the mitigation is not sufficiently substantial to call for leniency, you must impose the death penalty. If you find the mitigation is sufficiently substantial to call for leniency, you must impose life imprisonment. In that instance, the Court will sentence the defendant either to life imprisonment without the possibility of parole or life without parole until at least twenty-five years have passed.

The weighing of aggravating and mitigating circumstances does not mean a mere mechanical counting of factors on each side of an imaginary scale, or the arbitrary assignment of weights to any of them. You are free to assign whatever weight you deem appropriate to each and all of the various factors you are permitted to consider. In weighing the various circumstances, you determine, under the relevant evidence, which penalty is

- 15 -

justified and appropriate by considering the totality of the aggravating circumstance with the totality of the mitigating circumstances. In reaching a reasoned judgment about which penalty is justified and appropriate, you must decide how compelling or persuasive the totality of the mitigating factors are when compared against the totality of the aggravating factor.

    . . . .

If some jurors find the defendant proved mitigation, the jurors who found mitigation must weigh the mitigation they found against the aggravating factor already found. The jurors who found mitigation may disagree about what mitigation exists. If all the jurors who found mitigation find the mitigation is not sufficiently substantial to call for leniency, and all the remaining jurors continue to find no mitigation has been proven, you must return a verdict of death.

If all jurors find mitigation has been proven, all must weigh the mitigation they found against the aggravating factors already found. The jurors may disagree about what mitigation exists. If all the jurors find the mitigation is not sufficiently substantial to call for leniency, you must return a verdict of death.

If all jurors find mitigation has been proven and all find the mitigation they found is sufficiently substantial to call for leniency, you must return a verdict of life imprisonment.