Vice Chief Justice BALES,
concurring in part and dissenting in part.
¶ 168 I concur with the affirmance of the convictions and with the majority’s conclu *521 sions regarding the penalty phase rebuttal evidence and the preclusion of Dr. Biggan’s testimony. However, I respectfully dissent from the majority’s conclusion that the erroneous exclusion of Payne’s “good inmate” evidence was harmless.
¶ 169 Payne sought to offer this evidence as mitigation and objected to its exclusion at the penalty phase. The Eighth and Fourteenth Amendments require that the sen-teneer in a capital case be allowed to consider any relevant mitigating evidence, Lockett v. Ohio, 438 U.S. 586, 604, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and it is well established that the defendant’s good behavior while incarcerated is relevant to mitigation. Skipper v. South Carolina, 476 U.S. 1, 4-9, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986) (finding Lockett error where exclusion of evidence of good behavior in prison “impeded the sentencing jury’s ability to carry out its task of considering all relevant facets of the character and record of the individual offender”).
¶ 170 The State argues that the improper exclusion of this evidence was harmless and therefore should not affect Payne’s death sentences. The United States Supreme Court has never held that the exclusion of relevant mitigation evidence from the penalty phase of a capital trial was harmless error, although it has used language suggesting this possibility. See, e.g., Hitchcock v. Dugger, 481 U.S. 393, 399, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987) (noting that improper exclusion of mitigating evidence renders death sentence invalid absent showing that error was harmless or had no effect); Skipper, 476 U.S. at 8, 106 S.Ct. 1669 (observing that state’s characterization of “exclusion as harmless is implausible on the facts before us”). Following that suggestion, many lower courts have reviewed the exclusion of mitigating evidence for harmless error. See, e.g., Campbell v. Bradshaw, 674 F.3d 578, 596-98 (6th Cir. 2012) (applying harmless error review); Ferguson v. Sec’y for Dep’t of Carr., 580 F.3d 1183, 1201-02 (11th Cir.2009) (same); Bryson v. Ward, 187 F.3d 1193, 1205 (10th Cir.1999) (same).
¶ 171 Even assuming that harmless error analysis may apply in some circumstances involving the exclusion of mitigating evidence, I cannot agree with my colleagues that the State has met its burden of establishing that the error was harmless here. My conclusion reflects the nature of both the State’s burden and the jury’s sentencing determination.
¶ 172 For an error to be harmless, the State must establish beyond a reasonable doubt that the error did not contribute to or affect the verdict. State v. Gunches, 225 Ariz. 22, 26 ¶ 24, 234 P.3d 590, 594 (2010). “The inquiry ... is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.” State v. Anthony, 218 Ariz. 439, 446 ¶ 39, 189 P.3d 366, 373 (2008) (internal quotation marks omitted). Thus, in the context of a jury’s determination to impose a death sentence, the State must establish beyond a reasonable doubt that the error did not influence the verdict rendered by the jurors who actually considered the evidence. See Gunches, 225 Ariz. at 26 ¶¶ 24-25, 234 P.3d at 594.
¶ 173 Especially when, as occurred here, the trial court erroneously excludes an entire category of mitigating evidence, the State faces an almost insurmountable burden in establishing that the error was harmless. Cf. People v. Davis, 185 Ill.2d 317, 235 Ill.Dec. 918, 706 N.E.2d 473, 488 (1998) (holding that the State did not meet its burden of showing that the sentencing judge’s refusal to consider all mitigating evidence regarding good jail behavior was harmless); Irving v. State, 498 So.2d 305, 316 (Miss.1986) (distinguishing Skipper in case involving exclusion of evidence of good behavior in prison in part because “no particular type of evidence was excluded, as in Skipper — the exclusion was more that of degree”).
¶ 174 The State’s high burden reflects the nature of jury sentencing in capital cases.
[T]he determination whether mitigation is sufficiently substantial to warrant leniency is not a fact question to be decided based on the weight of the evidence, but rather is a sentencing decision to be made by each juror based upon the juror’s assessment of the quality and significance of the mitigat *522 ing evidence that the juror has found to exist.
State ex rel. Thomas v. Granville (Baldwin), 211 Ariz. 468, 473 ¶ 21, 123 P.3d 662, 667 (2005). “A mitigating factor that motivates one juror to vote for a sentence of life in prison may be evaluated by another juror as not having been proved or, if proved, as not significant to the assessment of the appropriate penalty.” Id. at 473 ¶ 18, 123 P.3d at 667.
¶ 175 Because our law never presumes that death is the appropriate penalty, and each juror must, as a matter of constitutional law, be allowed to assign such weight to mitigating evidence as he or she believes appropriate, see id., I do not believe that we can uphold Payne’s death sentence by asserting that the exclusion of evidence about his behavior while incarcerated could not have influenced the verdict of any “reasonable” juror. Nor does the fact that we, in cases involving our independent review, have characterized “good inmate” evidence as a relatively weak mitigating factor suggest that each juror here would have viewed such evidence in the same way.
¶ 176 A jury that considers the excluded evidence along with other mitigating evidence and the aggravating factors may likely conclude that Payne should be sentenced to death. But under our case law and the Eighth and Fourteenth Amendments as interpreted by the Supreme Court, that observation does not establish that the trial court’s precluding the sentencing jury from considering an entire category of mitigating evidence was harmless. Accordingly, I would vacate the death sentences and remand the case to superior court for a new penalty phase in which Payne’s proffered good-inmate evidence should be admitted.