NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

NICOLE JOAN GINORIO, *Appellant*.

No. 1 CA-CR 16-0400
FILED 3-23-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201500831
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

¶1         Nicole Joan Ginorio ("Ginorio") appeals her convictions of aggravated taking the identity of another, a class 3 felony, forgery, a class 4 felony, and theft, a class 5 felony, and the resulting sentences.  Ginorio's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous. Ginorio was given the opportunity to file a supplemental brief, but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Ginorio's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2         On March 14, 2015, a woman, later identified as Ginorio, entered the Speed Way Mini Mart with a tax refund check payable to another person ("D.S.") in the amount of $2,920.00. Ginorio represented herself as D.S., and endorsed the check by signing D.S.'s name in order to cash the check. The mini mart did not immediately provide the cash to Ginorio, and instead, called her on multiple occasions informing her the check cleared and to pick up the cash. About three weeks later, Ginorio came back into the Mini Mart and provided a California driver's license, Arizona driver's license, and social security card identifying herself as D.S. Because the ID's matched the check, the owner gave Ginorio the cash.

¶3         Four months after this transaction, Wells Fargo contacted the Speed Way Mini Mart informing them of the fraudulent presentment. The store owner called the Mohave County Sheriff and filed a claim. Mohave County Deputy Hale began investigating the matter and contacted Ginorio two weeks after receiving the complaint, believing her to be a suspect. Ginorio voluntarily met with Deputy Hale at the Sheriff's department and was read her Miranda rights. Ginorio was arrested and indicted in July 2015 with one count of aggravated taking the identify of another, a class 3 felony, forgery, a class 4 felony, and theft, a class 5 felony.

¶4          Ginorio pled not guilty, was appointed counsel, and a two-day jury trial took place. Ginorio testified, denying the allegations, and admitting she had a prior felony conviction from Riverside County, California.[1] At the close of the State's case, defense counsel moved for a directed verdict pursuant to Arizona Rule of Criminal Procedure 20. The superior court denied the motion. An eight-person jury found Ginorio guilty on all counts. The court found all counts repetitive and non-dangerous, and the Ginorio's other prior felony convictions to be an aggravating factor for sentencing purposes. In a pre-sentence statement, Ginorio admitted to the court that she did commit the crime, and was guilty and remorseful.

¶5          The court considered all aggravating and mitigating factors. Ginorio was sentenced to the presumptive term of 6.5 years' incarceration regarding Count 1 with one historical prior; a presumptive term of 4.5 years' incarceration regarding Count 2 with one historical prior felony conviction; and a presumptive term of 2.25 years' incarceration regarding count 3. The sentence for Counts 1 and 2 commenced on May 25, 2016, with the sentence for Count 3 set to commence upon completion of, and consecutive to, the sentence imposed in Count 1. Ginorio was given 30 days' presentence incarceration credit as to Counts 1 and 2, and ordered to pay restitution in the amount of $2,920 to Speed Way Mini Mart.

¶6          Ginorio timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A), 13-4031, and 13-4033(A)(1).[2]

## DISCUSSION

¶7          We have read and reviewed counsel's *Anders* brief and we have searched the entire record for fundamental error. *See Leon*, 104 Ariz. at 300. We find none. The record reveals Defendant was represented by counsel at all stages of the proceedings and all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. A jury was selected and we find no improprieties in the selection or empaneling. The jury was properly instructed, and the final instruction correctly stated the law and covered all relevant areas to ensure the jury had the information

[1]          California Cause No. INF 1101478, taking the identity of another and receiving stolen property.

[2]          Absent material revisions after the date of the alleged offense, we cite to a statute's and rule's current version.

necessary to reach a legally correct decision. *See State ex rel. Thomas v. Granville*, 211 Ariz. 468, 471, ¶ 8 (2005). Finally, Ginorio's sentence was within the statutory limits. *See Leon*, 104 Ariz. at 300.

**¶8**        Therefore, counsel's obligation to represent Defendant has ended. Counsel must only inform Defendant as to the status of the appeal and future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

## CONCLUSION

**¶9**        Accordingly, we affirm Ginorio's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA