NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES ELDON ROGERS, *Petitioner*.

No. 1 CA-CR 21-0217 PRPC
FILED 2-24-2022

Petition for Review from the Superior Court in Yavapai County
No. P1300CR20000367
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Sheila Sullivan Polk
*Counsel for Respondent*

James Eldon Rogers, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1      James Eldon Rogers petitions this Court for review from the summary dismissal of his notice requesting post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. This is Rogers' tenth PCR proceeding. We have considered the petition for review and, for the reasons stated, grant review and grant relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2      In 2001, Rogers was convicted of first-degree murder and sentenced to life imprisonment. After this court affirmed his conviction and sentence on direct appeal, *State v. Rogers*, 1 CA-CR 01-0239 (Ariz. App. Mar. 7, 2002) (mem. decision), he unsuccessfully pursued relief in at least nine previous PCR proceedings.[1]

¶3      In Rogers' ninth PCR proceeding, as relevant to the issue he presents on review here, he filed a notice asserting he had recently received a medical diagnosis—specifically traumatic brain injury ("TBI") and concussion brain injury ("CBI")—that constituted newly discovered evidence entitling him to relief under Rule 32.1(e). Finding Rogers had provided "no facts or evidence indicating a medical diagnosis for either a TBI or CBI," the superior court dismissed the proceeding, and Rogers petitioned this Court for review.

¶4      Several months later, Rogers moved to stay the proceeding in this Court and remand the matter so that the superior court could consider a new medical report purportedly supporting his underlying Rule 32.1(e) claim. According to Rogers, he had received the new report only a few days

---

[1]     Although Rogers and the superior court describe the instant PCR proceeding as his eighth request for relief, the superior court has dismissed seven prior proceedings that Rogers explicitly characterized as PCR requests as well as a "motion for consideration" and a habeas petition that the court treated as PCR proceedings.

before filing his stay motion. In our order denying Rogers' motion, we suggested that if he "believes he has new evidence, [he] may wish to consider filing a new petition for post-conviction relief in the superior court pursuant to Rule 32.1(e)."

**¶5**         A month after we issued our denial order, Rogers filed a PCR notice in the superior court asserting a Rule 32.1(e) claim "based solely upon the medical findings, impressions and diagnosis" in the new medical report he had obtained. Rogers attached the new report to the PCR notice, accompanied by a letter from a forensic psychologist indicating his willingness to assist Rogers in seeking relief.

**¶6**         Without addressing the merits of the new Rule 32.1(e) claim, the superior court summarily dismissed Rogers' notice on the ground that he "cannot have two Notices pending at the same time" in the superior court and the appellate court. This petition for review followed.

## DISCUSSION

**¶7**         We will not disturb the superior court's dismissal of a PCR proceeding absent an abuse of discretion. *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015). An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (quotation omitted). The petitioner carries the burden of showing error. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶8**         Rogers argues the superior court erred by concluding he was barred from presenting his new PCR claim until this court had issued a decision in his earlier proceeding. We agree.

**¶9**         The superior court cited no authority, and we have found none, supporting the proposition that a PCR petitioner is prohibited from pursuing additional claims when a prior proceeding is not final. Indeed, as Rogers correctly points out, he was *required* to exercise due diligence in initiating his new claim, which he expressly based on evidence not previously presented to the superior court. Ariz. R. Crim. P. 32.1(e)(2); *see State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016) (requiring petitioners to establish, *inter alia*, they were "diligent in discovering the facts and bringing them to the court's attention" when pursuing a newly-discovered-evidence claim (quoting *State v. Bilke*, 162 Ariz. 51, 52-53 (1989))); *see also State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (directing petitioners to raise PCR issues first in the superior court). Moreover, our order denying his stay motion plainly contemplated a situation where Rogers would file his new

Rule 32.1(e) claim in the superior court even though we had not yet issued a ruling on his earlier petition for review.

**¶10**    Finally, we note that Rogers properly refrained from reasserting his underlying Rule 32.1(e) claim on review, given that the superior court did not resolve the claim's merits. *See* Ariz. R. Crim. P. 32.16(c)(2)(B) (limiting a review petition to "issues the trial court decided"). Accordingly, in the absence of merit-based findings that could be duly addressed here, we are compelled to remand the case to the superior court to determine whether Rogers has stated a colorable Rule 32.1(e) claim in his current PCR notice and, if so, for further proceedings. *Cf. Roseberry*, 237 Ariz. at 508, ¶ 7 (affirming a PCR ruling "if it is legally correct for any reason").

## CONCLUSION

**¶11**    For the foregoing reasons, we grant review and grant relief. We vacate the superior court's order dismissing this PCR proceeding and remand the case for further consideration consistent with this decision. We express no opinion on the proper disposition of the claim.



AMY M. WOOD • Clerk of the Court
FILED:    AA