IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA,
*Plaintiff*,

*v.*

HOMER RAY ROSEBERRY,
*Defendant.*

No. CR-14-0277-PC
Filed July 27, 2015

On Review from the Superior Court in Yavapai County
The Honorable Celé Hancock, Judge
No. CR 20010177
**AFFIRMED**

COUNSEL:

Mark Brnovich, Arizona Attorney General, John R. Lopez IV, Solicitor General, Lacey Stover Gard, Chief Counsel, Capital Litigation Section, Laura P. Chiasson and Jon G. Anderson, Assistant Attorneys General, Tucson, Attorneys for State of Arizona

Matthew G. Newman, Newman Law Center PLLC, Parker, Attorneys for Homer Ray Roseberry

David J. Euchner, Tucson, Attorney for Arizona Attorneys for Criminal Justice

JUSTICE BERCH authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL and TIMMER joined.

JUSTICE BERCH, opinion of the Court:

¶1      We granted review to determine whether Homer Ray Roseberry should receive a new penalty phase hearing based on his claim that his appellate counsel was ineffective for failing to timely raise the issue of an unconstitutional jury instruction.   Because Roseberry was not prejudiced by the alleged deficiency in counsel's representation, the trial court did not abuse its discretion in denying his petition for post-conviction relief.

## I.  BACKGROUND

¶2      In October 2000, Roseberry agreed to transport approximately one thousand pounds of marijuana in his motorhome for a drug cartel.  *State v. Roseberry*, 210 Ariz. 360, 363 ¶ 4, 111 P.3d 402, 405 (2005).  The cartel had Fred Fottler accompany Roseberry on the trip.  *Id.*  Roseberry and a friend concocted a scheme to steal the marijuana.  *Id.* at 363 ¶ 5, 111 P.3d at 405.  But instead of following the plan, Roseberry pulled the motorhome over, shot Fottler three times while he was sleeping, and dumped his body beside the road.  *Id.* at 363 ¶¶ 5–7, 111 P.3d at 405.

¶3      A jury found Roseberry guilty of first-degree murder and, after finding that he killed Fottler for pecuniary gain, *see* A.R.S. § 13–751(F)(5),[1] returned a verdict of death.  *Roseberry*, 210 Ariz. at 364 ¶¶ 15–16, 111 P.3d at 406.  Roseberry's convictions and sentences were affirmed on his automatic appeal to this Court.  *Id.* at 373–74 ¶¶ 77–80, 111 P.3d at 415–16.

¶4      In 2012, Roseberry filed a petition for post-conviction relief ("PCR"), claiming, among other issues, that his appellate counsel was ineffective for failing to raise on appeal that the trial court improperly instructed the jury not to consider mitigation evidence unless the defense proved a causal nexus between the mitigation and the crime.  The superior court denied the claim, finding the issue precluded because it could have been, but was not, raised on appeal.  *See* Ariz. R. Crim. P. 32.2(a).  The court further found that any prejudice caused by appellate counsel's failure to

---

[1]      We cite the current version of statutes that have not materially changed since the time of the events at issue.

timely raise the issue on appeal was cured by this Court's independent review of Roseberry's convictions and sentences.

¶5       We granted review to clarify that our independent review of Roseberry's death sentence considered all the mitigation evidence presented, without requiring a causal connection to the crimes, and we found it not sufficiently substantial to call for leniency. Roseberry therefore suffered no prejudice from any deficient performance by appellate counsel.

¶6       We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution.

## II. DISCUSSION

¶7       We review a trial court's denial of post-conviction relief for abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19, 278 P.3d 1276, 1280 (2012). We will affirm a trial court's decision if it is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984).

¶8       Roseberry claims that the PCR court abused its discretion by not concluding that his appellate counsel was ineffective for failing to timely challenge the trial court's improper jury instruction. Requiring a jury to find a causal nexus between mitigating circumstances and the crime may prevent jurors from considering all relevant mitigation evidence, in violation of the Eighth Amendment. *See Tennard v. Dretke*, 542 U.S. 274, 285 (2004). Thus, the trial court erred by giving the instruction.[2]

¶9       Roseberry's appellate counsel did not timely raise this error on direct appeal even though *Tennard* was issued nearly two months before the opening brief was filed. Instead, long after all briefing had been concluded and a month after oral argument had been held, appellate counsel asked this Court to permit the late filing of an amended opening brief that included the issue. After review and consideration, we denied

---

[2]     The jury returned the death verdict on June 6, 2003. *Roseberry*, 210 Ariz. at 364 ¶ 16, 111 P.3d at 406. The opinion in *Tennard* did not issue until June 24, 2004.

the request, as well as counsel's subsequent motion for reconsideration of our opinion in the case.

¶10　　　　Roseberry now contends that the PCR court abused its discretion by denying post-conviction relief on this claim. We disagree. To prevail on his claim for ineffective assistance of counsel, Roseberry must show that counsel's performance fell below reasonable standards and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also* Ariz. R. Crim. P. 32.8(c). If Roseberry fails to establish either element, his claim of ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697.

¶11　　　　We agree with the PCR court that counsel's failure to timely raise the nexus issue on appeal did not prejudice Roseberry. To establish prejudice, Roseberry must show that "there is a reasonable probability that, absent the errors, the sentencer—*including an appellate court, to the extent it independently reweighs the evidence*—would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Id.* at 695 (emphasis added). In this case, this Court, in its independent review, concluded that the evidence supported a sentence of death. *Roseberry*, 210 Ariz. at 373–74 ¶¶ 77–79, 111 P.3d at 415–16.

¶12　　　　It has long been the rule that jurors must be able to consider all evidence in mitigation. *See, e.g.*, *Payne v. Tennessee*, 501 U.S. 808, 822 (1991) (emphasizing that "a State cannot preclude the sentencer from considering 'any relevant mitigating evidence' that the defendant proffers in support of a sentence less than death" and "virtually no limits are placed on the relevant mitigating evidence a capital defendant may introduce") (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 114 (1982)). In reviewing Roseberry's death sentence on direct appeal, this Court was, of course, aware of the Supreme Court's then-recent ruling in *Tennard*, 542 U.S. at 285. Indeed, just one week before we issued the opinion affirming Roseberry's death sentence, we issued an opinion explicitly recognizing that "a jury cannot be prevented from giving effect to mitigating evidence solely because the evidence has no causal 'nexus' to a defendant's crimes." *State v. Anderson*, 210 Ariz. 327, 349 ¶ 93, 111 P.3d 369, 391 (2005) (quoting *Tennard*, 542 U.S. at 282–87). Moreover, we reviewed Roseberry's amended

opening brief, as well as his motion for reconsideration of our opinion, both of which addressed the causal nexus issue. Thus, although we denied Roseberry permission to amend his brief to include the nexus issue, this Court was well aware that all mitigation evidence must be considered and that its causal relationship to the crimes goes to the weight to be given to the evidence, not to its admissibility. *See id.* Accordingly, any error in the jury instruction was cured when this Court considered all mitigation evidence in its independent review of the entire record and found it insufficient to call for leniency. *Roseberry*, 210 Ariz. at 373–74 ¶¶ 77–79, 111 P.3d at 415–16; *see also* A.R.S. § 13–755 (requiring independent review of death sentences).

¶13        For cases involving murders that occurred before August 1, 2002, like the one at issue here, this Court reviews the entire record and independently considers whether a capital sentence is not only legally correct, but also appropriate. A.R.S. § 13-755; *see* 2002 Ariz. Sess. Laws, ch. 1, § 7(B) (5th Spec. Sess.). On independent review, we do not defer to the jury's findings. *State v. Prince*, 226 Ariz. 516, 539 ¶ 93, 250 P.3d 1145, 1168 (2011). "When 'there is a doubt whether the death sentence should be imposed, we . . . resolve that doubt in favor of a life sentence.'" *State v. Carlson*, 202 Ariz. 570, 588 ¶ 70, 48 P.3d 1180, 1198 (2002) (quoting *State v. Valencia*, 132 Ariz. 248, 250, 645 P.2d 239, 241 (1982)). On independent review this Court will modify a death sentence to a life sentence if warranted. *See, e.g.*, *State v. Grell*, 231 Ariz. 153, 160 ¶ 37, 291 P.3d 350, 357 (2013) (reducing sentence from death to life in prison after finding on independent review that defendant proved intellectual disability); *State v. Wallace*, 229 Ariz. 155, 157 ¶ 1, 272 P.3d 1046, 1048 (2012) (same result after finding on independent review that the heinous and depraved aggravating factor found by the jury was not proven); *Carlson*, 202 Ariz. at 588 ¶ 70, 48 P.3d at 1198 (same result after finding on independent review that the totality of the evidence raised a substantial question about the appropriateness of the death sentence). Consistent with these principles, in reviewing Roseberry's sentence on direct appeal, this Court considered all mitigation evidence without regard to its connection to the crimes and comprehensively reviewed the record and the sentence.

¶14        Roseberry argues that, because the jury was erroneously

instructed, he was denied his constitutional right to have a properly instructed jury determine his sentence. But independent review serves as a constitutional means to cure sentencing errors. *Clemons v. Mississippi*, 494 U.S. 738, 748–50 (1990) (holding that an appellate court is constitutionally permitted to affirm a death sentence based on independent review of mitigating evidence despite an error at sentencing); *Gallegos v. Schriro*, 583 F. Supp. 2d 1041, 1082 (D. Ariz. 2008) (stating that "[e]ven if the trial court had committed constitutional error at sentencing, a proper and independent review of the mitigation and aggravation by the Arizona Supreme Court cured any such defect").

¶15 In this case, the evidence was overwhelming that Roseberry killed Fottler so that he could steal the load of marijuana, establishing the pecuniary gain aggravating circumstance. *Roseberry*, 210 Ariz. at 369 ¶¶ 46–51, 111 P.3d at 411.

¶16 As to mitigation, Roseberry was not precluded from presenting any evidence. At the penalty phase trial, he presented evidence of five statutory and five non-statutory mitigating factors. The five statutory mitigating factors presented were causally connected to the crime: (1) that Roseberry could not "appreciate the wrongfulness of his conduct or . . . conform his conduct to the requirements of law" at the time of the crime, A.R.S. § 13–751(G)(1); (2) that he was "under unusual and substantial duress" at the time of the crime, *id.* § (G)(2); (3) that he was only a minor participant in the murder, *id.* § (G)(3); (4) that he "could not reasonably have foreseen" that his conduct (shooting a sleeping person three times at close range) "would cause . . . death to another person," *id.* § (G)(4); and (5) that he was fifty-six years old at the time of the crime, *id.* § (G)(5). The erroneous instruction would not have prevented the jury from considering these mitigating factors because of their close causal connection to the crimes.

¶17 Roseberry also presented evidence of five non-statutory mitigating factors: (1) his love of family and his good character; (2) his medical conditions, including diabetes, hypertension, sleep apnea, asbestosis, depression, and two prior comas; (3) mental impairment; (4) the death of his two young children; and (5) his lack of criminal history. This Court considered all mitigation evidence presented without regard to its

6

connection to the crime (except as it might have affected the weight afforded to the evidence) and concluded on independent review that the mitigation evidence was not sufficiently substantial to warrant leniency. *Roseberry*, 210 Ariz. at 373–74 ¶¶ 77–79, 111 P.3d at 415–16.

¶18 We therefore conclude that the PCR court did not abuse its discretion in denying relief because any deficiency in appellate counsel's performance was cured by this Court's independent review. Roseberry therefore did not suffer prejudice, as that term is defined in *Strickland*, 466 U.S. at 695.

## III. CONCLUSION

¶19 We affirm the trial court's order denying post-conviction relief.