STARING, Presiding Judge:
¶ 1 Roger Helm Jr. seeks review of the trial court's order denying his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P., in which he argued his "de facto life without parole sentence[s]" are improper under Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), a significant change in the law. See Ariz. R. Crim. P. 32.1(g). In Miller , the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " Id . at 465, 132 S.Ct. 2455. On review, we will not disturb a trial court's order in Rule 32 proceedings absent an abuse of discretion. See State v. Roseberry , 237 Ariz. 507, ¶ 7, 353 P.3d 847 (2015). In this instance, Helm has failed to establish that the court abused its discretion. Thus, while we grant review, we deny relief.
¶ 2 In 1984, at the age of fourteen, Helm murdered his father, his mother, and his sister. He subsequently pled guilty to first-degree murder, and two counts of second-degree murder, as well as a related armed robbery. The trial court sentenced him to life imprisonment with the possibility of parole after twenty-five years for the first-degree murder, twenty-one-year prison terms for each count of second-degree murder, and a twenty-one-year term for armed robbery. The three sentences for murder were to be served consecutively to each other but concurrently with the sentence for armed robbery.
¶ 3 On appeal to the Arizona Supreme Court, Helm asserted, as his only issue, that the three sentences for murder should not have been consecutive. The court affirmed his convictions and sentences. State v. Helm , No. CR-86-0050-AP, 2 (Ariz. Jun. 2, 1987) (mem. decision) ("[I]t was not error in this *1215 case for the judge to impose consecutive sentences.").[1]
¶ 4 In June 2013, Helm filed a pro se notice of post-conviction relief in which he argued Miller was a significant change in the law applicable to his sentences. The trial court summarily dismissed the notice, concluding Miller did not apply because Helm's life sentence provided for the possibility of parole. Helm did not seek review of that ruling. In July 2015, Helm sent a letter to the court asserting his sentences were "the functional equivalent of life without parole." In response, the court noted that, although it had already denied relief, "there may be new information or further developments in the law" relevant to his claim. Thus, the court appointed counsel "for the sole purpose of conferring with [Helm] and assessing whether there are any viable Rule 32 claims or whether the court should reconsider its prior denial of Rule 32 Relief."
¶ 5 Through counsel, Helm filed a petition for post-conviction relief asserting Miller was a significant change in the law rendering his aggregate sentences improper. He identified decisions from other jurisdictions supporting his assertion that the rule announced in Miller applies to aggregate prison terms. The trial court summarily denied relief, and this petition for review followed.
¶ 6 On review, Helm summarizes his claim based on Miller . He again lists several cases from other jurisdictions that have concluded that a sentence imposed on a juvenile that is functionally a life sentence because it exceeds the defendant's "expected mortality rate[ ]" is a life sentence without the possibility of release, in violation of Miller .
¶ 7 Helm is entitled to relief under Miller if it constitutes "a significant change in the law that, if applied to [his] case, would probably overturn [his] conviction or sentence." Ariz. R. Crim. P. 32.1(g). As interpreted by the Supreme Court in Montgomery , the Court in Miller held that "sentencing a child to life without parole is excessive for all but 'the rare juvenile offender whose crime reflects irreparable corruption.' " Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 734, 193 L.Ed.2d 599 (2016) (quoting Miller , 567 U.S. at 479, 132 S.Ct. 2455 ). Miller is a significant change in the law and it is retroactive. Id. ; State v. Valencia , 241 Ariz. 206, ¶¶ 14-15, 386 P.3d 392 (2016).
¶ 8 But Miller did not address consecutive sentences. This court has previously ruled that Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), on which the Supreme Court relied in deciding Miller , does not prohibit the imposition of cumulative sentences that result in an aggregate prison term that exceeds a juvenile's life expectancy. State v. Kasic , 228 Ariz. 228, ¶¶ 20-24, 27, 265 P.3d 410 (App. 2011). "[I]f the sentence for a single offense is not disproportionately long, it does not become so merely because it is consecutive to another sentence for a separate offense or because the consecutive sentences are lengthy in aggregate." Id. ¶ 24 (alteration in Kasic ) (quoting State v. Berger , 212 Ariz. 473, ¶ 28, 134 P.3d 378 (2006) ). Thus, Miller does not apply to Helm's aggregate prison term, and he is not entitled to relief under Miller pursuant to Rule 32.1(g).
¶ 9 Our dissenting colleague posits that Kasic has been abrogated by Miller , because the Supreme Court clarified that the Eighth Amendment prohibits life-without-parole sentences for juveniles who did not commit homicide, thus extending the reasoning of Graham . Kasic , however, was not grounded solely in Graham , but also in Arizona Supreme Court precedent holding that we do not consider the aggregate sentence when conducting a proportionality analysis under the Eighth Amendment. See Kasic , 228 Ariz. 228, ¶ 24, 265 P.3d 410 ; see also Berger , 212 Ariz. 473, ¶¶ 27-28, 134 P.3d 378 ("Eighth [A]mendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence."). Thus, we disagree *1216 with our colleague's assertion that the reasoning in Kasic is no longer sound.
¶ 10 Nor do we agree that, when the Court in Miller stated " Graham 's reasoning implicates any life-without-parole sentence imposed on a juvenile," 567 U.S. at 473-74, 132 S.Ct. 2455, it meant the aggregate of multiple sentences imposed for separate offenses-in this instance, three separate murders. Helm did not receive a sentence of life without parole. For the three murders, he received one sentence of life with the possibility of parole, and two twenty-one-year sentences. Neither Miller nor Montgomery addressed consecutive sentences imposed for multiple murders. Further, no controlling authority has rejected the approach dictated by our supreme court in Berger . The Supreme Court may ultimately prohibit this approach when considering the punishment of juveniles, but it has not yet done so, and we are not at liberty, nor are we inclined, to engage in such an expansion of the law.
¶ 11 Finally, Helm asserts the trial court should have stayed his Rule 32 proceeding "pending a decision by the United States Supreme Court" whether to accept review of our supreme court's ruling in Valencia . Even had Helm made such a request in the trial court, the issue is moot. The United States Supreme Court has declined the petition for writ of certiorari of Valencia . Valencia v. Arizona , --- U.S. ----, 138 S.Ct. 467, 199 L.Ed.2d 356 (2017).
¶ 12 We grant review but deny relief.
¶ 13 In the absence of a focused consideration of the "offender's youth and attendant characteristics," the Eighth Amendment forbids imprisoning a child without hope of release. Miller, 567 U.S. at 480, 483, 132 S.Ct. 2455 ; Valencia , 241 Ariz. 206, ¶¶ 12, 14, 386 P.3d 392 (reading Miller and Montgomery to so hold). Our own supreme court has determined that this requirement constitutes a "significant change in the law" for the purposes of Rule 32.1(g). Valencia , 241 Ariz. 206, ¶ 16, 386 P.3d 392. Accordingly, it has held that juveniles previously so sentenced are entitled to a hearing "to establish, by a preponderance of the evidence, that their crimes did not reflect irreparable corruption but instead transient immaturity." Id. ¶ 18. This is no procedural formality. As the Court pointedly observed in Miller , while speaking in the context of first-degree murder cases, "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." 567 U.S. at 479, 132 S.Ct. 2455. A juvenile who makes a showing that his crimes reflect transient immaturity must be sentenced to a term that allows for the possibility of parole. Valencia , 241 Ariz. 206, ¶ 18, 386 P.3d 392 (juvenile offenders "must be given the opportunity to show their crime did not reflect irreparable corruption; and if it did not, their hope for some years of life outside prison walls must be restored" (citing Montgomery , 136 S.Ct. at 736-37 ) ).
¶ 14 Here, Helm, who has already served thirty-four years in prison, plausibly maintains that his sentence functionally requires him to be imprisoned without hope for release. That sentence arose from consecutive terms for three homicides that he committed on the same occasion at age fourteen.[2] To determine whether Helm is entitled to relief, we must decide whether juveniles who receive a composite sentence exceeding their projected life span are entitled to the same constitutional protection under the Eighth Amendment as those who receive such a term for a single offense.
¶ 15 My colleagues cite the United States Supreme Court case Graham and our own decision in Kasic to conclude that Helm's claim has already been resolved. In Kasic , the defendant argued that the underlying rationale of Graham -that a life sentence without the possibility of parole was a categorically disproportionate sentence for a juvenile offender for a non-homicide offense-should apply to his composite sentence of 139.75 years. 228 Ariz. 228, ¶¶ 12-14, 265 P.3d 410. We rejected this approach because *1217 we read Graham as specifically limiting Eighth Amendment relief to "those juvenile offenders sentenced to life without parole solely for a [single] non-homicide offense." Kasic , 228 Ariz. 228, ¶ 20, 265 P.3d 410 (quoting Graham , 560 U.S. at 63, 130 S.Ct. 2011 ). That was a correct reading based on controlling jurisprudence at that time. See Miller , 567 U.S. at 473, 132 S.Ct. 2455 (acknowledging Graham opinion had taken care to place limits on its scope, specifically excluding non-homicide cases).
¶ 16 But that reading of Graham has been overtaken by subsequent controlling jurisprudence. The United States Supreme Court has since clarified that the Eighth Amendment principle first articulated in Graham is not limited by the nature of the underlying offense. Rather, it has determined that the Graham restriction on juvenile sentencing should be applied in light of the Court's underlying rationale for treating juveniles differently. In Miller , the Court specifically held that the restriction on sentencing children to life imprisonment must apply to homicide offenses as well as non-homicide offenses-by definition, all offenses. 567 U.S. at 480, 132 S.Ct. 2455. In so doing, it observed that the underlying rationale for its earlier holding in Graham applied equally to all offenses. Id. at 473, 132 S.Ct. 2455 ("None of what [ Graham ] said about children-about their distinctive (and transitory) mental traits and environmental vulnerabilities-is crime specific."). Using broad language that is arguably dispositive of our question here, the Court concluded: " Graham 's reasoning implicates any life-without-parole sentence imposed on a juvenile...." Id. (emphasis added).
¶ 17 Notably, both of the children who received relief in Miller committed multiple offenses during their respective criminal incidents: Miller plainly committed theft, armed robbery, aggravated assault, and arson, while Jackson at minimum committed attempted armed robbery in addition to first-degree murder. Id. at 465-68, 132 S.Ct. 2455. Like Helm, both were fourteen at the time. Id. at 465, 132 S.Ct. 2455. Although Miller does not expressly address the status of those non-homicide offenses in announcing its holding, the Court nonetheless granted relief to both Miller and Jackson after comprehensively detailing all of their criminal acts in its factual summary. Id. at 465-68, 132 S.Ct. 2455. Thus, any suggestion that Miller's inclusive remedy does not encompass juvenile offenders who have committed multiple offenses overlooks the plain context of the Court's holding.
¶ 18 In pertinent part, that holding reads as follows: " Graham, Roper, and our individualized sentencing decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." Id . at 489, 132 S.Ct. 2455. The Court's directive is clear: the entitlement to a Miller hearing is triggered not by the nature of the underlying crimes a juvenile committed, but rather by the penalty imposed. Thus, the context, reasoning, and holding of the Court all suggest that imprisonment exceeding the lifespan of a juvenile is not exempted from scrutiny merely because it results from a consecutive rather than singular sentence.
¶ 19 In categorically foreclosing Miller relief to any juvenile who receives life imprisonment arising from consecutive sentences, my colleagues embrace an Eighth Amendment regime wherein juveniles who commit a lone first-degree murder are entitled to a Miller hearing, but those who commit a sequence of crimes-where no person is killed-are not. See, e.g. , Kasic , 228 Ariz. 228, ¶¶ 2, 26, 265 P.3d 410 (denying relief for juvenile who committed a series of arsons). This construction also contradicts the Court's foundational understandings of the Eighth Amendment: that criminal punishments must be proportional and that the premeditated killing of another stands at the apex of the most serious offenses. See Miller , 567 U.S. at 469, 132 S.Ct. 2455 (Eighth Amendment anchored in "basic 'precept ... that punishment for crime should be graduated and proportioned' to both the offender and the offense." (quoting Roper v. Simmons , 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) ) ); cf. Kennedy v. Louisiana , 554 U.S. 407, 413, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008) (Eighth Amendment restricts death *1218 penalty to those adults who take another human life).
¶ 20 The majority correctly observes that the Eighth Amendment provides no relief for adult offenders who receive lengthy cumulative sentences for multiple offenses. Berger , 212 Ariz. 473, ¶ 28, 134 P.3d 378 (2006) (courts normally do not "consider the imposition of consecutive sentences in a proportionality inquiry" (quoting State v. Davis , 206 Ariz. 377, ¶ 47, 79 P.3d 64 (2003) ) ). But, in Miller , the Court made clear that such authorities are irrelevant in the context of juvenile sentencing. 567 U.S. at 481-82, 132 S.Ct. 2455 (expressly rejecting applicability of Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), to juveniles). It pointedly observed that, under the Eighth Amendment, sentencing "permissible for adults may not be so for children." Id. at 481, 132 S.Ct. 2455. And, it reminded the states that "[o]ur history is replete with laws and judicial recognition that children cannot be viewed simply as miniature adults." Id. at 508 n.4, 132 S.Ct. 2455 (alteration in Miller ). In conformity with that reasoning, its holding unambiguously provided Eighth Amendment protection to children that would not apply to adults. See id. at 481, 132 S.Ct. 2455 ; see also Berger , 212 Ariz. 473, ¶ 31, 134 P.3d 378 (observing that Eighth Amendment bars life term for adults only when imposed for "quite minor" offense).
¶ 21 In light of Miller 's reasoning-which triggers Eighth Amendment protection for juveniles based on the length of sentence rather than the severity of the crime-why should the mechanism by which Helm received life imprisonment matter? As the Tenth Circuit explained in providing relief to a juvenile sentenced to consecutive terms totaling 155 years, "we cannot read the Court's categorical rule [stated in Graham ] as excluding juvenile offenders ... merely because the state does not label this punishment as 'life without parole.' The Constitution's protections do not depend upon a legislature's semantic classifications." Budder v. Addison , 851 F.3d 1047, 1056 (10th Cir. 2017).[3]
¶ 22 In sum, the Eighth Amendment imposes a categorical rule that a child cannot be sentenced to an irrevocable life of imprisonment without special consideration of their juvenile status. See Montgomery , 136 S.Ct. at 734 (" Miller drew a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption."). Because the United States Supreme Court's rationale for so restricting life imprisonment for juveniles provides no basis for distinguishing between such sentences imposed for a singular count and those arising from consecutive terms, I would conclude that Helm, a boy of fourteen when he committed his crimes, is entitled to a Miller hearing.

Before 1992, a defendant could directly appeal from a sentence imposed following the entry of a guilty plea. See A.R.S. § 13-4033(B) ; 1992 Ariz. Sess. Laws, chs. 184, § 1, 358, §§ 1 through 9; see also 171 Ariz. XLVIII-L (1992) (former versions of Ariz. R. Crim. P. 17.1(e), 17.2(e), 27.8(e) ).

The state asserted that he would be eligible for parole on each of his two second-degree murder sentences after fourteen years, potentially giving him a hope of release within his lifetime. These facts, however, are not within our record. Further factual development on this point would be necessary on remand.

To date, the majority of jurisdictions reaching the question we address have held that juveniles who receive life imprisonment arising from consecutive sentences are entitled to potential relief under Graham and Miller . Compare McKinley v. Butler , 809 F.3d 908, 911 (7th Cir. 2016) ; Moore v. Biter , 725 F.3d 1184, 1193-94 (9th Cir. 2013) ; People v. Caballero , 55 Cal.4th 262, 145 Cal.Rptr.3d 286, 282 P.3d 291, 293-96 (2012) ; People v. Reyes , 407 Ill.Dec. 452, 63 N.E.3d 884, ¶¶ 7-10 (2016) ; Kinkel v. Persson , 363 Or. 1, 417 P.3d 401, 412-15 (2018) ; Commonwealth v. Foust , 180 A.3d 416, 431-34 (Pa.Super. 2018) ; Bear Cloud v. State , 334 P.3d 132, ¶¶ 32-37 (Wyo. 2014), with Bunch v. Smith , 685 F.3d 546, 550-51 (6th Cir. 2012) ; Lucero v. People , 394 P.3d 1128, ¶ 15 (Colo. 2017) ; State v. Ali , 895 N.W.2d 237, 241-46 (Minn. 2017) ; State v. Nathan , 522 S.W.3d 881, 888-93 (Mo. 2017). And every federal circuit deciding the issue after Miller has done so. See McKinley , 809 F.3d at 911 ; Moore , 725 F.3d at 1193-94 ; see also Bunch , 685 F.3d at 550-51 (reaching opposite result under Graham ).