NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANNY JACOBS, *Petitioner*.

No. 1 CA-CR 23-0167 PRPC
FILED 9-26-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2013-425900-001
The Honorable Kerstin G. LeMaire, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Federal Public Defender, Phoenix
By Molly A. Karlin
*Counsel for Petitioner*

_____

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

_____

**M c M U R D I E**, Judge:

**¶1**         Danny Jacobs petitions this court to review the superior court's dismissal of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32.1 and the denial of his reconsideration motion. We grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         In 2014, a jury convicted Jacobs of kidnapping his minor daughter. The court sentenced him to ten years' imprisonment. Jacobs appealed his conviction, and this court affirmed. *State v. Jacobs*, 1 CA-CR 14-0433, 2015 WL 7300951, at *1, ¶ 1 (Ariz. App. Nov. 19, 2015) (mem. decision). Post-conviction counsel then filed a Notice of Completion, stating he found no grounds for relief, so Jacobs filed a *pro se* PCR petition.

**¶3**         In the PCR petition, Jacobs claimed that his trial counsel rendered ineffective assistance by not convincing him to take the State's plea offer. Jacobs noted, "[t]he evidence of guilt was overwhelming guaranteeing a conviction beyond a reasonable doubt and to a moral certainty." The superior court dismissed the petition, and Jacobs sought review. This court granted review but denied relief. *State v. Jacobs*, 1 CA-CR 16-0689 PRPC, 2017 WL 6345912, at *1, ¶ 4 (Ariz. App. Dec. 12, 2017) (mem. decision). The Arizona Supreme Court denied review.

**¶4**         Jacobs petitioned for habeas review under 28 U.S.C. § 2254. *Jacobs v. Shinn*, CV-18-01628-PHX-JGZ, 2021 WL 4439457, at *1 (D. Ariz. Sept. 28, 2021). The district court and the Ninth Circuit denied a certificate of appealability. *Id.* at *7; *Jacobs v. Att'y Gen. for Ariz.*, 21-16595, 2022 WL 4563748, at *1 (9th Cir. June 10, 2022). The Ninth Circuit appointed Jacobs a federal public defender to file a petition for a writ of certiorari to the Supreme Court. Less than two months after her appointment, the federal public defender moved the district court for authorization to represent Jacobs in state court to pursue a state claim, and the district court granted the motion.

¶5  Jacobs then filed his notice requesting post-conviction relief using Form 24(b)[1] to Rule 41. In his form, Jacobs claimed the error arose under Rule 32.1(b)–(h) as "[t]here is clear and convincing evidence that the facts underlying the Defendant's claim are sufficient to establish that no reasonable fact-finder would find the Defendant guilty of the offense beyond a reasonable doubt[.]" The superior court dismissed Jacobs' PCR notice, finding that Jacobs "provide[d] no facts or law to support the Rule 32.1(h) claim." It held that "Defendant must assert substantive claims and adequately explain the reasons for their untimely assertion."

¶6  Jacobs moved for reconsideration, arguing that (1) his Form 24(b) filing complied with the content requirements for a notice; (2) his Rule 32.1(h) claim is a substantive ground for relief; and (3) his claim was timely. In the reconsideration motion, he included the facts and law he believed supported his actual innocence claim. The superior court denied the motion for reconsideration.

¶7  Jacobs seeks review of the PCR dismissal and the denial of the reconsideration motion. We have jurisdiction under A.R.S. §§ 13-4031, 13-4239, and Rule 32.16(a)(1).[2] We grant review but deny relief.

## DISCUSSION

¶8  We will not disturb the superior court's ruling absent an abuse of discretion. *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007). And "[w]e will affirm a trial court's decision if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015) (citing *State v. Perez*, 141 Ariz. 459, 464 (1984)). The petitioner must show that the superior court abused its discretion by denying the PCR petition. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶9  Rule 32.1 sets forth several grounds that entitle a defendant to post-conviction relief, including when "the defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be

---

[1]  On August 30, 2023, Arizona Supreme Court Administrative Order No. 2023-140 amended Form 24(b) "to provide a space for defendants filing a successive Notice Requesting Post-Conviction Relief to explain why the claim was not raised in a previous notice or petition."

[2]  We deny Jacobs' request for oral argument because the issues are adequately briefed, and oral argument would not help resolve the claims.

sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." Ariz. R. Crim. P. 32.1(h).

¶10        Jacobs correctly points out that Rule 32.1(h) claims are not subject to preclusion under Rule 32.2(a)(3). Ariz. R. Crim. P. 32.2(b). But that is not to say that such claims are never subject to dismissal. Rule 32.2(b) provides:

> [W]hen a defendant raises a claim that falls under Rule 32.1(b) through (h) in a successive or untimely post-conviction notice, the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner. If the *notice* does not provide sufficient reasons why the defendant did not raise the claim in a previous notice or petition, or in a timely manner, the court may summarily dismiss the notice.

*Id.* (emphasis added).

¶11        Jacobs asserts that his Form 24(b) filing was sufficient notice of the PCR petition to follow. Generally, Form 24(b) alone is enough to begin a PCR proceeding. But where, as here, a defendant's PCR is either untimely or successive, Rule 32.2(b) requires more explanation than Jacobs' notice provided.[3]

¶12        Jacobs argues that the superior court incorrectly labeled his notice "untimely." We disagree. Jacobs' claim could have been raised in his first PCR petition. Thus, the claim was untimely raised. And because Jacobs had filed a petition, the notice was also successive. *See* Ariz. R. Crim. P. 32.2(b). So, in his notice, Jacobs needed to explain why he did not raise his claim for actual innocence in his previous PCR petition. Because Jacobs failed to do so, the superior court did not abuse its discretion by dismissing the notice.

---

[3]        Jacobs argues that, if more information was required beyond that of the prior Form 24(b), then that form was "materially misleading." This argument is not persuasive, particularly for a represented litigant. Rule 32.2 governs preclusion, not the form, and the rule is unambiguous in its requirement that a defendant explain the reasons for not raising his claim previously. *See* Ariz. R. Crim. P. 32.2(b).

¶13　　　Jacobs' reconsideration motion does not save his claim for post-conviction relief. Instead, it rehashes his argument that his Form 24(b) notice was sufficient and that his notice was timely, meaning he did not have to explain the untimeliness. In his motion to reconsider and as part of his timeliness argument, Jacobs claims that he could not have discovered his actual innocence claim (or included it in the original PCR petition) without the assistance of counsel, which he now has. We reject his excuse as an adequate explanation for his failure to raise the actual innocence claim in his previous petition. He had counsel in the original post-conviction proceedings, and that counsel did not raise the claim. And Jacobs cannot claim his previous counsel was ineffective for failing to raise the claim. *See State v. Evans*, 252 Ariz. 590, 598, ¶ 25 (App. 2022) (The 2020 revisions to Rule 32 did not alter the longstanding rule that "non-pleading defendants may not raise an ineffective assistance claim against prior PCR counsel.").

¶14　　　While the superior court did not abuse its discretion by dismissing the notice, we also note that this court previously rejected the substance of Jacobs' claim of actual innocence.

> Jacobs argues the State's evidence was insufficient to prove that he acted with the intent to hold his daughter "for ransom, as a shield or hostage." A.R.S. § 13–1304(A)(1). Jacobs claims "[t]here was no evidence that [he], by word or deed, used his daughter to hold the police at bay," so there was no evidence that Jacobs intended to use her as a shield. The evidence at trial, however, showed Jacobs did not leave the house or allow his daughter out of the house for several hours, despite persistent requests by the police that he do so. Multiple officers testified to Jacobs' repeated screams that they would have to kill him in front of his daughter if they came into the house. At the very least, this evidence allowed the jury to infer that Jacobs was holding his daughter "as a shield or hostage." A.R.S. § 13–1304(A)(1). "When reasonable minds may differ on inferences from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." [*State v. Lee*, 189 Ariz. 608, 615 (1997)]. Thus, the superior court did not err by denying Jacobs' motion for judgment of acquittal.

*Jacobs*, 1 CA-CR 14-0433, at *2, ¶ 7. Jacobs is not innocent of the crime. *See State v. Evans*, 252 Ariz. 590, 598, ¶ 30 (App. 2022) ("Restating arguments about the trial record does not establish a Rule 32.1(h) claim.").

## CONCLUSION

¶15      We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA