NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAYMOND EDWIN FREENY, *Petitioner*.

No. 1 CA-CR 23-0398 PRPC

FILED 10-10-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2018-001790-001
The Honorable Ronee Korbin Steiner, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Raymond Edwin Freeny, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

**B A I L E Y**, Judge:

**¶1**　　　　Raymond Freeny petitions this court to review the dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　A jury convicted Freeny of aggravated assault based on evidence he threatened the victim, A.W., with a metal tent stake. Freeny and A.W. were riding the light rail when A.W. told a security guard that Freeny was acting erratically and aggressively. Freeny was removed from the train at the next stop. When Freeny later saw A.W. on the platform of another light rail stop, he approached A.W., raised the tent stake above his head, and threatened to gouge out A.W.'s eyes. A.W. boarded an arriving train and contacted a security guard, who called 911. Surveillance footage showed Freeny standing outside the train door with a long object in his right hand. When police apprehended him a short distance away, they found the tent stake in his backpack. This court affirmed the conviction and resulting sentence on direct appeal. *State v. Freeny*, 1 CA-CR 20-0167, 2021 WL 2982093 (Ariz. App. July 15, 2021) (mem. decision).

**¶3**　　　　Freeny represented himself in trial proceedings. He asked for a copy of the 911 call, but the recording had been destroyed, in accordance with standard retention policies, before he was charged. Freeny did receive a copy of the Computer Aided Dispatch ("CAD") report associated with the 911 call. The report reflected that the incident was at first labeled an "armed robbery" by the dispatcher but was changed to an "aggravated assault" after a police officer interviewed A.W. The report also included notes relaying a private message from the dispatcher to a police sergeant. The message concerned secondhand information about a six-foot tall, black male victim being robbed of his wallet (the "wallet robbery") by someone "with a nail." Information in the notes conveyed that the wallet robbery occurred close in time to A.W.'s assault.

**¶4**　　　　Before trial, Freeny expressed an intent to introduce the CAD report to support his argument that A.W. falsely told the security guard that Freeny robbed him, and then falsely told police that Freeny assaulted him. The State disputed that interpretation, contending that the wallet robbery notes referred to a separate incident because A.W. was a white, five-foot-ten teenage boy with blond hair—not a black, six-foot male as described in the notes—and because A.W. never told police his wallet was taken. The

State posited that the wallet robbery notes were attached to the CAD report for A.W.'s 911 call because the incidents occurred close in time and the weapon used potentially linked the two crimes to the same suspect— Freeny.

¶5          The trial court told Freeny he would need to comply with the Rules of Evidence if he sought to admit the CAD report. The court also advised him, more than once, that if he introduced evidence of the wallet robbery notes from the CAD report, he risked opening the door to the State arguing that Freeny might have also committed the wallet robbery.

¶6          Freeny did not ask to admit the written CAD report during trial. But despite the court's warning, he elicited evidence of the notes describing the wallet robbery. The court ruled that Freeny had opened the door to the State putting the wallet robbery information in context. The State then elicited testimony explaining that the notes referred to a different incident than A.W.'s assault and were attached to the CAD report for A.W.'s 911 call because of a possible link between the two.

¶7          Freeny did not raise any claims relating to the CAD report on direct appeal. After the mandate was issued, he timely filed a PCR notice, but his appointed attorney found no colorable PCR claim to raise. Freeny filed a petition *pro se* in which he contended that the trial court's rulings relating to the CAD report violated his constitutional rights and Arizona Rule of Evidence ("Rule") 404(b). The PCR court summarily dismissed Freeny's petition, reasoning that his claims were precluded or otherwise not colorable. Ariz. R. Crim. P. 32.2(a), 32.11(a). We grant review of his petition for review. Ariz. Rev. Stat. (A.R.S.) § 13-4239(G); Ariz. R. Crim. P. 32.16(k).

## DISCUSSION

¶8          This court reviews the PCR court's decision for an abuse of discretion and must uphold that decision if it is "legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

¶9          Freeny's arguments are not easy to unpack. At bottom, he appears to contend that the trial court violated his constitutional rights to due process, equal protection, and freedom from double jeopardy, along with Rule 404(b), by not admitting the written CAD report into evidence and by ruling that he opened the door to evidence he may have committed a separate crime.

¶10        We discern no abuse of discretion in the PCR court's denial of relief. Freeny's claims are precluded because they raise constitutional issues he could have asserted on direct appeal. Ariz. R. Crim. P. 32.2(a)(3). To the extent that the alleged Rule 404(b) violation does not present a constitutional issue, Freeny fails to show an alternative basis for PCR relief. *See* Ariz. R. Crim. P. 32.1 (enumerating the grounds for PCR relief); *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 12 (2005) (requiring the PCR petitioner to raise "grounds that bring him within the provisions of [Rule 32]") (quoting *State v. Carriger*, 143 Ariz. 142, 146 (1984)).

¶11        Even if Freeny's claims are not precluded, he does not establish a colorable basis for relief. A PCR claim "is subject to summary dismissal '[i]f the alleged facts would not have probably changed the verdict or sentence.'" *State v. Bigger*, 251 Ariz. 402, 407, ¶ 9 (2021) (quoting *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016)). Freeny fails to raise claims that probably affected his conviction.

¶12        Freeny contends the written CAD report was admissible under Rule 901(b)(10) because it included the authenticating language prescribed in A.R.S. § 13-3989.01. But even if the report had been admitted, it was unlikely to have changed the outcome. For although the report was not admitted per se, Freeny elicited the contents that he believed were relevant to his defense: the 911 call was initially labeled an "armed robbery"; there was a discussion between the dispatcher and an officer about an armed robbery; and the call's label was later changed to "aggravated assault." When Freeny relied on that evidence to suggest that A.W. initially accused him of armed robbery, the trial court appropriately ruled that he had opened the door to the State providing an alternative explanation. Thus, even had the CAD report been admitted, once Freeny presented his interpretation of the armed robbery notes, the State could offer evidence that the robbery was a separate offense Freeny might have committed. *See Pool v. Superior Court*, 139 Ariz. 98, 103 (1984) (stating general rule that "where evidence adduced or comments made by one party make otherwise irrelevant evidence highly relevant," such party opens the door to the other party "responding with comments or evidence on the same subject"); *State v. Mincey*, 130 Ariz. 389, 404–05 (1981) (holding that the defendant opened the door to other-act evidence by placing such evidence at issue). Because Freeny opened the door to the evidence that he may have committed another crime, its admission was not error. *See State v. Lindsey*, 149 Ariz. 472, 477 (1986) (explaining that when a party opens the door to improper evidence, "[a]ny error with respect to the admission of such . . . evidence will generally be considered as having been waived"); *Elia v. Pifer*, 194 Ariz. 74, 79, ¶ 18 (App. 1998) ("[A] party will not be allowed

to complain of the introduction of irrelevant evidence where he has asserted a position that makes such evidence relevant.").

## CONCLUSION

¶13    We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV