NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

IRVING SERHEI NUNEZ, *Petitioner*.

No. 1 CA-CR 24-0325 PRPC

FILED 03-27-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2014-001203-001
The Honorable Suzanne E. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Grace M. Guisewite
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1          Irving Serhei Nunez petitions for review from the dismissal of his first petition for post-conviction relief ("PCR petition").  We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          In February 2014, Nunez shot and killed the victim after an argument.  Two individuals saw the incident and provided statements to police.  Nunez immediately fled to Mexico and was eventually extradited to Arizona in July 2021.  In May 2022, Nunez pled guilty to second-degree murder.  At sentencing, the court noted that "the evidence based on the presentence report and all the information the Court has," shows "that there was no justification at all for [Nunez] going into [his] home, getting a gun and shooting [the victim] in the back."  After weighing the aggravating and mitigating circumstances, the court imposed an aggravated sentence of twenty-years' imprisonment, awarding him 457 days of presentence incarceration credit.

¶3          In June 2023, Nunez filed a PCR petition under Arizona Rule of Criminal Procedure ("Rule") 33.1(a), (e), and (h) arguing, as relevant here, that his counsel provided ineffective assistance by not having the witnesses' interviews transcribed to English because they contained information that counsel should have introduced as mitigation at sentencing.  The superior court found that Nunez could not show the outcome of the proceeding would have been different because the transcribed witness interviews did not significantly differ from the police report summaries.  It summarily dismissed his petition.  This petition for review followed.

## DISCUSSION

¶4          We review the superior court's denial of a PCR petition "for an abuse of discretion, which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision."

2

*State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). The petitioner bears the burden of establishing an abuse of discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). When the superior court determines that a petition presents no "material issue of fact or law that would entitle the defendant to relief under [Rule 33], the court must summarily dismiss the petition." Ariz. R. Crim. P. 33.11(a). We will affirm the superior court's decision "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶5**        Nunez argues the superior court erred by dismissing his ineffective assistance of counsel claim. He claims that not having the two witness statements transcribed into English meant his counsel, who did not speak Spanish, could neither discuss the two witness statements with him nor present them to the sentencing court. As a result, Nunez contends he was deprived of critical mitigation evidence that could have supported the court imposing a reduced sentence based on the Section 13-701(E)(3) statutory mitigator instead of the aggravated sentence it imposed. *See* A.R.S. § 13-701(E)(3) ("The defendant was under unusual or substantial duress, although not to a degree that would constitute a defense to prosecution.").

**¶6**        Nunez also argues the superior court abused its discretion in finding that the transcribed interviews would not have changed his sentence because they "were not materially different from the departmental report summaries" that were part of the case record. In dismissing his claim, the superior court noted that Nunez's trial counsel relied on the police summaries of these interviews, which did "not differ significantly" from the two witnesses' interviews that were later transcribed. The superior court thus found Nunez could not "show the outcome would have been different." Nunez reasserts his argument that the police report summaries materially differed from the transcripts.

**¶7**        To prove ineffective assistance of counsel, Nunez must show that (1) counsel performed below professional norms and (2) the defendant's rights were prejudiced such that there was a "reasonable probability" of a different result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985) (adopting *Strickland*); *State v. Salazar*, 173 Ariz. 399, 414 (1992). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

**¶8**        The summaries, however, accurately reflected the substance of the transcripts of the witnesses' interviews that were translated into

English as part of this proceeding. One witness stated that "[the victim] shove[d] [Nunez] and then kicked him in the lower extremity," and the other witness told police that "[the victim] appeared to be drunk and was pushing [Nunez] a lot," "tried punching [Nunez]," and "kicked [Nunez] on the leg." The transcripts of the statements of both witnesses provided slightly more detail about the interaction between the victim and Nunez, but the statements regarding the victim's behavior towards Nunez did not materially differ from the summaries. Nunez has not shown what missing details would have materially altered the result of the proceeding, nor does he explain how his counsel's actions were so deficient as to constitute ineffective assistance.

¶9 Further, in Nunez's sentencing memorandum presented to the court, he described that the victim threatened him during the incident, and asked the court to consider eight mitigating factors. Nunez has not shown how his counsel was deficient in not presenting the witnesses' transcribed statements to the sentencing court as additional mitigation. As the superior court noted at sentencing, after Nunez and the victim initially fought, they went their separate ways. Nunez went home and retrieved a gun and upon returning, they argued again, at which time the victim kicked Nunez according to one of the witnesses. Nunez then shot and killed the victim. Even assuming counsel's failure to transcribe and present the witnesses statements to the court fell below reasonably objective standards, Nunez has failed to show there was "a reasonable probability" he would have received a lesser sentence. *See Strickland*, 466 U.S. at 694. As previously mentioned, Nunez's sentencing memorandum included information about the victim's "threaten[ing]" behavior towards Nunez, the court stated it considered all the evidence presented, and it weighed the aggravating and mitigating factors before imposing Nunez's sentence. Nunez has thus failed to prove prejudice.

**CONCLUSION**

¶10 We grant review and deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR

4