NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

AGUSTIN NAVARRO, *Petitioner.*

No. 1 CA-CR 25-0407 PRPC
FILED 05-04-2026

Petition for Review from the Superior Court in Maricopa County
No.  CR2018-122824-001
The Honorable Patricia A. Starr, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith C. Klepper
*Counsel for Respondent*

Rosenstein Law Group, Scottsdale
By Angela Poliquin, Craig Joseph Rosenstein
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which
Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1 Petitioner Agustin Navarro seeks review of the superior
court's order summarily dismissing his petition for post-conviction relief
("PCR"), filed under Arizona Rule of Criminal Procedure ("Rule") 32. We
have considered his petition for review and, for the reasons stated, grant
review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Following a jury trial, Navarro was convicted of two counts
of sexual assault (counts 3 and 4) and one count each of sexual abuse (count
6), escape in the second degree (count 7), kidnapping (count 9), and
burglary in the third degree (count 10). The superior court imposed
consecutive prison terms totaling 37 years. This Court affirmed Navarro's
convictions and sentences on appeal. *State v. Navarro*, 1 CA-CR 22-0084,
2023 WL 5539109 (Ariz. App. Aug. 29, 2023) (mem. decision).

¶3 In February 2024, Navarro filed a notice requesting PCR. In
September 2024, before filing his PCR petition, Navarro asked the superior
court to order additional testing of Navarro's and the victim's clothes and
re-testing of previously collected DNA swabs. Navarro argued because his
convictions counts 4 and 6 rested on mixed and partial DNA evidence,
additional testing could show a reasonable probability of a more favorable
verdict. The superior court denied his requests, finding that overwhelming
non-DNA evidence, including Navarro's confession, store security video,
the victim's testimony, and cell phone evidence, supported his convictions
on counts 4 and 6.

¶4 In April 2025, Navarro filed a PCR petition, raising claims of
(1) ineffective assistance of counsel ("IAC") against his trial counsel for
failing to call a DNA expert at trial or to obtain independent DNA testing
to challenge counts 4 and 6, and (2) actual innocence as to count 4. Navarro
renewed his request for additional DNA testing and asked the court to
appoint a DNA expert. The court dismissed Navarro's petition, finding that

he failed to overcome the presumption that counsel's decision was strategic, and there was no reasonable probability of a different outcome absent counsel's alleged errors because there was overwhelming evidence against Navarro. The court also rejected Navarro's actual innocence claim. The court did not address Navarro's requests for DNA testing or appointment of a DNA expert.

¶5 Navarro petitioned for review of the superior court's ruling. We grant review under Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes Section 13-4239(C), and Rule 32.16.

## DISCUSSION

¶6 We review the superior court's PCR rulings for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). We will affirm the court's ruling "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

¶7 Navarro contends the superior court erred by (1) requiring him to provide an affidavit from trial counsel to establish a colorable IAC claim; (2) misapplying the *Strickland* prejudice standard; and (3) denying his request for a DNA expert and then dismissing his IAC claim for lack of expert evidence. Because Navarro did not raise his actual innocence claim or his request for DNA testing in his petition for review, we will not address those issues. *See* Ariz. R. Crim. P. 32.16(c)(4) (failure to raise an issue in the petition for review constitutes waiver).

## I. The superior court did not err in requiring Navarro to present evidence to support his IAC claim.

¶8 "To prevail on an IAC claim, a defendant must demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *Bigger*, 251 Ariz. at 407, ¶ 8 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "There is a strong presumption that counsel provided effective assistance, which [Navarro] must overcome by providing evidence that counsel's conduct did not comport with prevailing professional norms." *State v. Smith*, 244 Ariz. 482, 484, ¶ 9 (App. 2018) (cleaned up); *see also Bigger*, 251 Ariz. at 407–08, ¶ 10 ("We presume counsel acted properly unless a defendant can show that counsel's decision was not a tactical one but, rather, revealed ineptitude, inexperience, or lack of preparation." (cleaned up)).

¶9        Navarro argues that the superior court abused its discretion by requiring him to provide an affidavit from his trial counsel and thus "imposed an unreasonable and impractical condition on establishing a colorable claim."

¶10        In its ruling, the superior court stated:

> Here, Navarro has not shown that trial counsel, "a seasoned, experienced lawyer" (Petition at 14), erred by not hiring an independent expert. Nor has Navarro presented any evidence to show that defense counsel did not follow through after initially consulting an expert. The initial burden is Navarro's, yet he has not provided an affidavit from defense counsel, leaving the Court to speculate whether defense counsel had a strategic reason not to call an independent expert at trial. Such speculation does not state a colorable claim. *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). Given the presumption that defense counsel acted effectively, the Court must presume, without evidence to the contrary, the counsel's decision was strategic.

¶11        Contrary to Navarro's contention, the court did not require Navarro to provide an affidavit from trial counsel to present a colorable claim. Rather the court correctly required Navarro to produce evidence beyond mere speculation to overcome the presumption that trial counsel's decision not to hire an independent DNA expert was strategic. *See Smith*, 244 Ariz. at 484, ¶ 9; *Ramirez*, 126 Ariz. at 468 ("pure speculation" does not present a colorable claim). The court did not err.

## II.    The superior court properly applied the prejudice standard.

¶12        To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 6 (2017) (quoting *Strickland*, 466 U.S. at 694). "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

¶13        Navarro argues the court misapplied *Strickland* in finding that no prejudice existed. He contends that the court incorrectly found there was no prejudice because "overwhelming evidence existed to convict," rather than because there was not "a reasonable probability of a different result," as required by *Strickland*. Not so. After the court noted that there was overwhelming evidence against Navarro at trial, it found that no prejudice

existed because "there is no reasonable probability that absent counsel's decision not to employ an independent analyst, the result of the proceeding would have been different." This is the exact standard articulated in *Strickland*: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

¶14        The court properly considered the strength of the evidence against Navarro as a relevant factor in evaluating whether there was a reasonable probability of a different outcome but for counsel's errors. *See id.* at 696 ("[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."); *State v. Nash*, 143 Ariz. 392, 398 (1985) (same). This is consistent with the principle that a defendant must show more than a mere "conceivable effect" on the outcome. *See Pandeli*, 242 Ariz. at 181, ¶ 6.

¶15        Here, DNA evidence aside, there was considerable evidence supporting Navarro's convictions, including surveillance video capturing portions of the incident, the victim's testimony and injuries, cell phone evidence, and Navarro's confession. *Navarro*, 1 CA-CR 22-0084, at *9–10, ¶¶ 31–33. The superior court permissibly considered the strength of all the evidence admitted against Navarro in applying the prejudice standard. We find no abuse of discretion in the court's determination that there was no reasonable probability that, but for trial counsel's decision not to hire a DNA expert, the outcome of the trial would have been different.

## III.    The superior court did not err in dismissing Navarro's request for appointment of a DNA expert.

¶16        Navarro argues the superior court erred by denying his request to appoint a DNA expert to consult with his PCR counsel and provide testimony if appropriate. Section 13-4013(B) requires the court to appoint an expert witness for an indigent defendant, "on application of the defendant," when it is "reasonably necessary to adequately present a defense at trial and at any subsequent proceeding." *See also* Ariz. Crim. R. 32.5(c) (a court may appoint an expert witness on application of an indigent defendant if such assistance is reasonably necessary).

¶17        A DNA expert was not "reasonably necessary" for Navarro to present a defense at the PCR proceeding. *See* A.R.S. § 13-4013(B). Section 13-4013(B) does not mandate an appointment of an expert "merely upon application." *State v. Gretzler*, 126 Ariz. 60, 90 (1980). "Undeveloped assertions that the requested assistance would be beneficial are not

enough." *State v. Apelt*, 176 Ariz. 369, 375 (1993) (cleaned up). Navarro contends a DNA expert would have questioned the State's DNA tests and interpretations of partial and mixed DNA profiles for counts 4 and 6. But, as the superior court and this Court concluded, considerable non-DNA evidence supported those convictions. *Navarro*, 1 CA-CR 22-0084, at *9–10, ¶¶ 31–33. At most, a DNA expert could challenge the already limited and inconclusive DNA results. Navarro thus failed to show that the appointment of a DNA expert was reasonably necessary. And, for the same reasons, Navarro has not shown good cause for the appointment of a DNA expert under Rule 32.6. *See* Ariz. R. Crim. P. 32.6(b)(2) ("After the filing of a petition, the court may allow discovery for good cause," meaning there are "reasonable grounds to believe" material evidence would be discovered). The superior court did not err.

## CONCLUSION

¶18        We grant review and deny relief.

