NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

JEFFREY ALVAREZ, *Petitioner.*

No. 1 CA-CR 25-0049 PRPC

FILED 10-22-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2019-003621-001
The Honorable Suzanne E. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

Kenney Law LLC, Florence
By Anthony Louis Kenney
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1        Petitioner Jeffrey Alvarez seeks review of the superior court's order summarily dismissing his petition for post-conviction relief ("PCR"), filed under Arizona Rule of Criminal Procedure ("Rule") 32.1.  For the following reasons, we grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        Gloria (a pseudonym) regularly sold methamphetamine to two buyers ("buyers").  She agreed to introduce buyers to her supplier after buyers complained about the product and threatened her.  Alvarez, age 17 at the time, and Gloria's girlfriend also joined the meeting.  When an argument erupted during the meeting, Alvarez shot and killed Gloria's girlfriend and the supplier and wounded Gloria. Alvarez then fled with buyers in a Dodge Charger.

¶3        Police identified Alvarez through Gloria's photo lineup identification, his fingerprints found in the Charger and on a bag containing methamphetamine recovered on the ground near the victims, and Facebook messages showing he had recently discussed buying a Glock.  Officers never recovered the gun used in the shooting, but ballistics linked the bullets and casings to a single .40 caliber firearm, a small group of firearms that includes a Glock.

¶4        A jury convicted Alvarez of two counts of first-degree murder and one count each of attempted first-degree murder, conspiracy to commit first-degree murder, and possession of dangerous drugs.  The superior court sentenced him to life in prison with parole eligibility after 71 years.  *See* Arizona Revised Statutes ("A.R.S.") § 13-716 (parole eligibility for juvenile offenders).  Alvarez's convictions and sentences were affirmed on direct appeal.  *State v. Alvarez*, 1 CA-CR 22-0273, 2023 WL 4531825 (Ariz. App. July 13, 2023) (mem. decision).

**¶5**        Alvarez filed a PCR petition alleging claims for relief based on Eighth Amendment violations, actual innocence, and ineffective assistance of counsel ("IAC").  He contended his sentences constitute cruel and unusual punishment, his trial counsel failed to present specific mitigation evidence, and the evidence presented at trial was not sufficient to find him guilty.  The superior court summarily dismissed the petition, finding (1) Alvarez's Eighth Amendment claim was precluded because it was fully addressed and denied in his direct appeal; (2) Alvarez identified no other mitigation evidence his trial counsel failed to present; and (3) Alvarez did not present new evidence of innocence as required under *State v. Evans*, 252 Ariz. 590 (App. 2022).

**¶6**        Alvarez filed a timely petition for review.  We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. § 13-4239(C), and grant review of the petition, Rule 32.16(k).

## DISCUSSION

**¶7**        We review the superior court's denial of post-conviction relief for an abuse of discretion and will affirm if the ruling is legally correct for any reason.  *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).  It is Alvarez's burden to show the court abused its discretion.  *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).  Alvarez does not refer to his Eighth Amendment claim in his petition for review and therefore has waived it.  *See* Ariz. R. Crim. P. 32.16(c)(4).  We address his actual innocence and IAC claims.

### I.        Actual Innocence

**¶8**        Alvarez argues the superior court erred in rejecting his actual innocence claim.  He also asserts the *Evans* court wrongly held Rule 32.1(h) requires a defendant to present new evidence to prove an actual innocence claim.  252 Ariz. at 598, ¶ 28.  Alvarez fails to present sufficient evidence to obtain relief, so we need not address his *Evans* argument.

**¶9**        A defendant is entitled to relief if he "demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt."  Ariz. R. Crim. P. 32.1(h).  The evidence supporting the actual innocence claim must do more than merely contradict trial evidence.  *State v. Denz*, 232 Ariz. 441, 447–48, ¶ 22 (App. 2013); *see Schlup v. Delo*, 513 U.S. 298, 324 (1995) (defendant must support claim of actual innocence "with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial.").

¶10        Alvarez first supports his actual innocence claim by attacking Gloria's credibility. He contends Gloria was not credible because she (1) was high on methamphetamine at the time of the shootings; (2) was impeached multiple times during trial; (3) did not have prior contact with Alvarez; (4) was a convicted felon at the time of trial; and (5) had an immunity agreement with the State. Alvarez also argues (1) his fingerprint found in the Dodge Charger might have been from a date other than the date of the shooting; (2) he did not confess the crime to anyone; (3) there was no electronic evidence linking Alvarez to the crime; and (4) police did not find the murder weapon. Alvarez's arguments, taken as a whole, merely restate or contradict some of the evidence presented at trial. *Denz*, 232 Ariz. at 447–48, ¶ 22. They do not conclusively demonstrate his innocence. Thus, the superior court did not err in dismissing Alvarez's claim. *See Roseberry*, 237 Ariz. at 508, ¶ 7.

## II.    Ineffective Assistance of Counsel

¶11        Alvarez argues his trial counsel was ineffective because he did not present enough evidence of his transient immaturity under *Miller v. Alabama*, 567 U.S. 460, 479–80 (2012). He contends counsel did not investigate or offer records or testimony about Alvarez's background, school history, or character development. Alvarez argues this evidence could have supported a lower sentence and parole eligibility within his lifetime.

¶12        To establish his IAC claim, Alvarez must "demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 8 (2021). To show prejudice, Alvarez must show a reasonable probability that counsel's deficient performance affected the case's outcome. *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). Conclusory allegations and speculation are insufficient to state a colorable claim of prejudice. *State v. Leyva*, 241 Ariz. 521, 528, ¶ 22 (App. 2017); *State v. Donald*, 198 Ariz. 406, 414, ¶ 21 (App. 2000).

¶13        In his sentencing memorandum, counsel stated Alvarez's young age and impaired "capacity to appreciate the wrongfulness of [his] conduct" necessitated more lenient sentencing. Counsel also provided letters from Alvarez's family and friends in which they described Alvarez's background, good character, and willingness to be a better person. Alvarez contends it is possible other mitigation evidence may exist but provides no specific additional mitigation evidence. *See* Ariz. R. Crim. P. 32.7(e) (a defendant must attach evidence supporting the allegations in his petition).

Because Alvarez fails to prove any additional mitigation evidence exists, he does not show a reasonable probability that the sentencing court would have imposed a more lenient sentence had counsel presented it to the court. *See Rosario*, 195 Ariz. at 268, ¶ 23 ("The burden is on the petitioner and the showing must be that of a provable reality, not mere speculation."). Alvarez thus did not establish ineffective assistance of counsel.

## CONCLUSION

¶14      We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:      JR